The opinion of the court was delivered by
Blanchard, J.
Charles- W. Easum died in May, 1896, leaving a widow by second marriage and a son, Harry A. Easum, by first marriage. He died intestate. The son, a youth of eighteen years, was his sole heir. This son was emancipated by judgment of the District Court shortly after his father’s death, and on same day the succession was opened on application of the widow, who was appointed administratrix. The inventory showed four thousand six hundred and twenty dollars and ninety cents cash in bank, and no other property.
The debts were few — nothing beyond expenses of last illness, funeral and law charges.
Within a few days after her appointment as administratrix, the widow filed an account of administration.
This showed the money in bank and the debts, the latter aggregating five hundred and sixty-nine dollars and seventy cents, leaving a balance of four thousand and fifty-one dollars and twenty cents (in the language of the account) “ to widow, administratrix, and sole heir, Harry A. Easum.”
Following this, on the account, there appeared these words:
“I acknowledge the above account,” and appended thereto are the signatures of both the administratrix and the sole heir, though it would seem that the signature of the administratrix was intended to be to the account itself, while that of the heir was to the acknowledgment above quoted. And then follows the jurat before a notary, but whether one or both swore to the account is not clear, counsel for the widow affirming that the sole heir, as well as the widow, attested its correctness under oath, and counsel for the heir denying this, alleging that the heir did not make oath to the account, and that the ords “ I acknowledge the above account,” to which alone his *1347 signature was affixed, were only intended in the nature of an acceptance of service and a waiver of citation or notice.
It appears that up to this time there was harmony and concord of action between the heir and his step-mother. Both were represented by the same counsel, and the proceedings taken in the succession were predicated upon the hypothesis that the funds belonging to it appertained to the community of acquets and gains which had existed between the dead man and the surviving widow.
On this idea the account was made out, and the widow insists it clearly proposed to divide the balance left after payment of debts between herself and the heir — one-half to each.
But before this account came up for homologation the heir employed other counsel, who promptly filed, on his behalf, an opposition, claiming that all the funds belonging to the succession were the separate estate of the deceased, that the community owned no part thereof, and that, as a consequence, the widow was entitled to no share therein.
On the trial of this opposition, to evidence offered to prove its averments, objection on behalf of the widow was interposed on the ground that the heir was estopped from contesting the account by his judicial admission of its correctness. The evidence was received subject to the objection, and a bill of exceptions reserved.
The testimony showed that the surviving widow had been married to the deceased less than six months before his death; also that all the funds save five hundred dollars, owned by him at his death, had been acquired before his last marriage. Whereupon there was judgment sustaining the opposition, limiting the amount to which the widow was entitled to two hundred and fifty dollars, and decreeing the heir entitled to the remainder, or three thousand eight hundred and one dollars and twenty cents.
T|ie widow appeals.
The presumption of the law was that the funds on hand when Easum died belonged to the community. There was nothing brought to the attention of the attorneys, who opened the. succession, showing the contrary, up to the filing of the account. By the filing of. the opposition and the proof supporting it, the presumption referred to was overthrown. But the widow, resting on the approval of the account, as she thought, by the heir, and claiming for this acknowledgment the force the law attaches to judicial admissions, maintained her *1348 petition — did not seek to change it from widow in community claiming one-half of the estate, to widow left in necessitous circumstances claiming the homestead right or marital portion.
The judgment of the lower court went against her, and it was then too late to make the change.
On this appeal she still insists that the heir must be held to his acknowledgement of the correctness of the account, which, it is urged, on its face shows recognition of the community interest claimed by her. But if this contention be not sustained, she asks that the case be remanded, in the interest of justice, in order that she may assert the rights accorded her by law.
The circumstances surrounding this case, and the evidence, satisfy us that there was no consent or ratification by the heir of any proposed distribution of the funds of the estate. Neither the inventory nor the account recite that the property therein designated is community property, and even, if the “acknowledgment” which the heir signed is held to be ratification, there is nothing in it which would bind him as having admitted the existence of a community.
An act from which ratification is sought to be deduced must evince such intention clearly and unequivocally. Breaux vs. Sarvoie, 39 An. 246.
Nor will ratification be inferred where the act can be otherwise explained, and in ease of doubt the party against whom the act is opposed must have the benefit of the doubt. Id. See also Succession of Troxler, 46 An. 738.
The heir, in his testimony, denies any ratification, and his signature to the account is, we think, sufficiently “ otherwise explained.” Estoppels are not favored by the law.
The demand of the widow for remanding the case for the purpose heretofore stated is met on part of the heir with the objection that she is concluded by the account which she herself prepared and signed.
We have already shown that this account was based upon the hypothesis of the existence of a community.
That being negatived by the judgment of the court, it would work a wrong, a hardship, an injustice to deny to the widow the opportunity to show that she was left in such circumstances as entitle her under the law to certain rights in the estate.
This court will remand a case where the ends of justice warrant such action.
*1349 The heir, who has just been relieved of the consequences of his own signature to the account, is hardly in a position to gainsay the granting of the same relief to the widow who also signed it. He can hardly be heard to dewy estoppel as the result of his signature and in the next breath plead it as the result of hers.
Looking to the proper and equitable adjustment of the rights of the parties, this case is viewed as being before us only on the question of the existence of the community vel non, and not as to its entire disposition. We hold that of the fhnds belonging to this succession five hundred dollars only fell into the community, and that the remainder was the separate property .of the dead husband, and as such is inherited by Harry A. Easum, the son.
To this extent the judgment appealed from is affirmed.
So far as the said judgment directs the payment of the amounts therein mentioned to the widow and heir, and purports to settle and close the succession, it is ordered and decreed that the same be set aside and annulled, and that this case be remanded for further proceedings in accordance with the views therein expressed, giving to the widow a reasonable time in which to assert the homestead right, or to claim the marital portion; but nothing herein is to be construed as passing upon her legal right to either.
Nicholls, 0. J., ill, absent.