No. 4288

Second Circuit

(Second Division)

POTTER v. ROBIN & CHERRY SHOWS, INC., ET AL.

(May 4, 1932. Opinion and Decree.)

Harry V. Booth, of Shreveport, attorney for plaintiff, appellant.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendants, appellees.

CULPEPPER, J.   Plaintiff brought suit against defendants for $865.29 with legal interest from judicial demand, and recovered judgment for only $292.94 with interest and costs, the remainder of the demands being rejected. The judgment was signed June 13, 1931. Immediately following the signing of the judgment, and before either party applied for an appeal, plaintiff's and defendants' attorneys agreed to settle the litigation on the basis of the court's award, it being the understanding of plaintiff's counsel at the time that settlement would be made within a reasonable time.

Plaintiff's attorney wrote letters July 7th and 13th, 1931, to defendants' attorney demanding settlement and on the 20th the latter attorney received from the former a statement of the amount of the principal, interest and costs called for under the judgment. Receiving no response, plaintiff's attorney made numerous subsequent demands for settlement, and on November 4th received, through defendants' attorney, a partial payment of $259.26. Further demands were thereafter made for the balance without avail, and on January 5, 1932, plaintiff applied for and was granted orders of appeal, the appeal being only from that portion of the judgment which was unfavorable to plaintiff.   On January 25th following, defendants' attorney tendered attorney for plaintiff the additional sum of $72, which was refused.

The transcript of appeal was filed in this court on February 1, 1932.   On the 3rd of that same month defendant filed a motion to dismiss the appeal on the ground that plaintiff had acquiesced in the judgment appealed from.

The case is before this court on the motion to dismiss, and is submitted on briefs without argument by counsel.   Plaintiff's brief, however, is upon both the motion to dismiss and upon the merits. But defendants' is upon the motion only, and we shall confine our discussion to the motion to dismiss.

Plaintiff contends that the motion came too late, giving as reason that a motion to dismiss must be filed within three days after transcript is filed. The transcript was filed on February 1st and the motion on the 3rd, therefore this contention is without merit.   It is contended by the mover that plaintiff has acquiesced in the judgment by agreeing to settle the litigation on the basis of the trial court's award, also by voluntarily accepting payment of the greater portion of the award in accordance with the agreement; and that the fact that the balance was not promptly paid could give plaintiff no legal right to appeal, but only the right to issue execution for this balance.

A number of authorities on the question of the acquiescence in a judgment are cited by counsel for both parties.   This question was discussed at length in the recent decision of the Supreme Court in Foster & Glassell Co., Ltd., v. Harrison et al., reported in 138 So. 99.   In that case Judge

Odom, as organ of the court, reviewed many of the earlier decisions of the court, which the court viewed as being in conflict with later decisions, with the result that the later decisions were adopted as prevailing.

The fundamental law on this question is article 567 of the Code of Practice, which reads:

"The party against whom judgment has been rendered cannot appeal. 1. If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily. * * *"

The word "against" in the article is construed to apply to the plaintiff as well as to the defendant, and plaintiff can execute on the portion of the judgment favorable to him and still have a right to appeal from that portion for which his demands were rejected. And if he acquiesces in that part which was in his favor, in any manner, it is not to be construed as an acquiescence in the part unfavorable.

As we view the construction placed upon the article of the Code, in the light of the now settled jurisprudence upon the question, as reflected in the Foster & Glassell Co. case, so long as the acquiescence is as to the part of the judgment favorable to plaintiff only, and not as to the judgment as a whole, plaintiff can appeal from the unfavorable part; but if plaintiff acquiesce in the judgment as a whole, although he may have received payment and satisfaction of the part favorable to him, he cannot appeal. And that very contention is here made. To determine this question, it becomes necessary to ascertain the intention of the parties, especially that of plaintiff.

It is made clear that merely to abide by —that is, receive—so much of the judgment as was favorable to plaintiff, is not in itself acquiescence in the whole judgment as rendered. Nor is it so when he merely executes—that is, enforces collection thereon. Nor can any act of his which does not evince clearly and unmistakably his intention to ratify or confirm the judgment precisely as rendered, be construed as an acquiescence.

None will be inferred when the act can be otherwise explained. Breaux v. Sarvoie, 39 La. Ann. 243, 1 So. 614; Succession of Easum, 49 La. Ann. 1345, 22 So. 364; Wells v. Files, 136 La. 133, 66 So. 749.

Paragraph 1 of the agreed statement of facts furnished to this court as constituting the basis of the motion to dismiss, reads (in part):

"That following the judgment—plaintiff's counsel and defendant's counsel agreed to settle the litigation on the basis of the trial court's award, and plaintiff's counsel understood that such settlement would be made within a reasonable time."

This language can be construed to mean none other than an intention to acquiesce completely in the judgment, with only one condition so far as plaintiff was concerned, which was that settlement should be made within a reasonable time. Such was the understanding by plaintiff's counsel. It is not shown that defendant's counsel so understood it, nor that this feature of the agreement was discussed by them or stressed by her counsel. If no payment at all had been made on the amount, or if when the payment was offered, which was nearly four months after the agreement had been entered into, the offer had been refused as coming too late, plaintiff might have been justified in withdrawing from the agreement and appealing. But the sum offered, amounting to $259.26, was accepted under the agreement, and plaintiff indulged

the defendant further for the balance, which was a comparatively small sum. It is not shown, nor even intimated, that defendant had refused to make payment, or that he was insolvent. It appears from the statement of facts that a surety company was responsible for the amount of the judgment or some part of it, from the fact that plaintiff's counsel wrote to or wired it demanding settlement of the amount. We do not find any surety bond in the record, but the returns on the writ of attachment show the seizure of some property of defendant, known as a "merry-go-round." We take it that this property was still within the jurisdiction of the court or that a bond was outstanding in lieu thereof. Therefore, it would appear that there could be no doubt that plaintiff could have easily realized the small balance on the judgment under an execution, and without expense. Defendant, too, was a non-resident, whose business carried him from place to place over the country, and his counsel, although in perfect good faith and using due diligence, no doubt experienced difficulty and delays in communicating with such a client. We do not think plaintiff should be excused from the obligation contained in the agreement after her own acquiescence in the delays, unless it had been shown that defendant or his counsel had acted in bad faith and delayed purposely, or that plaintiff was unable to enforce collection. The only excuse plaintiff offers for her decision to appeal was the delays incidental to securing a settlement. Since these delays are not shown to have been willful on the part of defendant, or made for the purpose of prolonging settlement; and since plaintiff voluntarily accepted the greater part of the amount, and could apparently have realized the balance without expense, we do not feel warranted in holding same as affording plaintiff a reason-able ground for disregarding the solemn agreement to settle the litigation on the basis of the trial court's award.

It is our view, therefore, that acquiescence has been shown, from which there can be no appeal. The appeal is therefore dismissed.