(38 South. 519.)

No. 15,224.

Succession of THOMAS.

·(Dec. 19, 1904. On Rehearing, April 10, 1905.)

ADMINISTRATION—RULE IN PROBATE COURT—
SUCCESSION—SALE—BONA FIDE PUR-
CHASER—APPEAL—REVIEW.

1. Where a rule filed in a probate proceeding is dismissed, and no appeal taken by the mover, the issues raised by the rule cannot be considered and adjudicated on the trial of an opposition to the administrator's account filed before the order of dismissal, although such opposition recites the filing of the rule, and the issues therein raised, as a reason for the rejection of the account.

2. Where the court had jurisdiction of the succession, and appointed the public administrator to administer the same, and ordered property to be sold to pay debts, the decree protects the purchaser in good faith at the probate sale, who had no notice of the pendency of a rule to annul the appointment of the administrator and all the proceedings had in the succession. The pendency of the rule cannot be considered or construed as notice to third persons. See Act No. 134 of 1898, p. 215, relative to actions in regard to immovable property situated within the corporate limits of cities of more than 50,000 inhabitants.

3. Where a judgment is ordered up for review, at the instance of one of the parties to a cause, to correct a supposed error of which he complains, the opposing litigants, who made no complaint and sought no remedy, cannot avail themselves of the occasion to have the judgment amended for their benefit. See Ware v. Couvillion, 36 South. 220, 112 La. 43.

On Rehearing.

4. For the reasons assigned in the original opinion, the decree heretofore handed down is reinstated and made the judgment of the court.

Provosty, J., dissenting.

(Syllabus by the Court.)

Certiorari to Court of Appeals, Parish of Orleans.

Application by Widow William Thomas and others for certiorari or writ of review to the Court of Appeal of the parish of Orleans. Proceeding dismissed.

Albert Voorhies, for applicants. Cunningham & Cunningham, for respondent administrator. George Montgomery, for respondents Ambroise Burbank and Mrs. Dorsey. Fred. Deibel, Jr., for respondent Frank Wendling.

LAND, J. The public administrator for the city of New Orleans was, after due notice by publication, appointed and qualified as administrator of the succession of William Thomas. The property of the estate consisted of six lots, which were appraised at $300. The court ordered the lots sold to pay debts, and the sale was advertised to take place on April 10, 1902.

Prior to the date of sale, Louis Thomas et al., representing themselves to be the children and widow of the deceased, filed a rule on the public administrator to show cause on April 11, 1902, why his appointment should not be declared null and void, and why the movers in rule should not be recognized as the forced heirs of the deceased, and accordingly put in possession. The grounds set forth in the rule were that movers in rule were resident forced heirs; that they accepted the succession, which owed no debts; that the appointment of the administrator was an absolute nullity; and that the sale of the property was illegally demanded and prosecuted.

There was no prayer for an injunction against the sale, and the property was sold

on April 10, 1902, to one Frank Wendling for $700, which was paid and the necessary title passed before any notice was given to him of the pendency of the rule aforesaid.

On May 9, 1902, the administrator filed his final account, showing a balance of $300 for distribution to the "heirs, or the state in default of heirs."

Louis Thomas et al. filed an opposition to the account, reciting the filing of the rule on April 2, 1902, and its allegations, and annexing and making the same a part of their petition. Opponents further alleged notice to the adjudicatee before any act of sale had been passed, and the nullity of the sale made after the filing of their said rule and after notice. Opponents further alleged that the filing of the account or tableau of distribution while said rule was pending was illegal, and, besides, the debts and charges carried thereon were neither legal nor just nor equitable.

Opponents prayed that the account be rejected, and all of the claims therein be declared not due, and for general relief.

The administrator excepted to the proceeding by rule, and, reserving the benefit of his exception, filed his answer, in effect a general denial.

Frank Wendling filed a rule on Louis Thomas to show cause why he should not deliver possession of the property sold at probate sale to said Wendling and why he should not be evicted from said premises.

Louis Thomas excepted to the proceeding by rule, that he was not a party to the proceedings by which the property was sold, but a third person, who had been in actual possession of the property for 17 years, as owner by inheritance, paying taxes and making improvements thereon; that his said possession was never disturbed until recently by the illegal proceedings of the public administrator, who caused himself to be appointed administrator of the succession, when there were no debts, and the heirs were resident and lived upon the very property in controversy. For answer, Louis Williams prayed to be protected in his possession as owner, and that the mover in rule be remitted to his petitory action.

This rule and the opposition to the account were cumulated, and, together with the rule filed on April 2, 1902, were tried on October 23, 1902.

As the result of this trial, the rule filed on April 2, 1902, was "dismissed, without prejudice," and the rule of Wendling and the opposition of Louis Thomas et al. were continued by preference.

In the meanwhile one Ambroise Burbank and one Euphemie Winter filed an opposition, claiming to be collateral heirs of one Elizabeth Winter, the alleged lawful widow of William Thomas, and, as such, entitled to be paid the balance in the hands of the administrator for distribution.

The case was transferred to another division of the civil district court for further proceedings, and there finally tried before another judge, the result being a judgment annulling all the proceedings had in the succession, dismissing the rule of Wendling, recognizing Louis Thomas et al. as heirs of William Thomas, and ordering them to be put in possession of the succession and of the real estate in dispute. This judgment made absolute the rule filed on April 2, 1902; being the same which had been dismissed in October, 1902, as already stated.

The defeated parties appealed to the Court of Appeal, which, after hearing the cause, handed down a lengthy and well-considered opinion reversing the judgment appealed from, but at the same time recognizing Celeste Thomas as the widow in community, and her children, Louis and others, as lawful heirs, of William Thomas, deceased, and, as such, entitled to the residuum of the estate, as shown by the final account of the public administrator.

The widow and heirs of Thomas applied

for a rehearing on the branch of the case involving the possessory action, which it was alleged was not passed upon by the court.

A rehearing was denied, and thereupon the said parties applied to this court for a writ of review. The other litigants did not complain.

From the foregoing statement of the case, it appears that the rule filed April 2, 1902, was dismissed in October, 1902, and was therefore not before the district court for determination when the judgment appealed from was rendered.

There was no appeal from the order of dismissal, and the correctness of such ruling cannot be inquired into. This rule was not renewed in any form, and we concur in the opinion of the Court of Appeal that there remained no issue between the movers in rule and the public administrator that could be adjudicated by the district court.

We also concur in the opinion of the Court of Appeal that Wendling was a purchaser in good faith, without notice of the rule taken by the Thomas heirs, and was not affected by the alleged antecedent irregularities; the court having jurisdiction in the premises. Duckworth v. Vaughan, 27 La. Ann. 599; Linman v. Riggins, 40 La. Ann. 761, 5 South. 49, 8 Am. St. Rep. 549; Wisdom v. Parker, 31 La. Ann. 52; Porter's Heirs v. Hornsby, 32 La. Ann. 337; Succession of Lehmann, 41 La. Ann. 990, 7 South. 33.

Plaintiffs in rule did not enjoin the sale, nor did they give notice of the pendency of the rule, as provided by Act No. 134 of 1898, p. 215, relative to actions in regard to immovable property situated within the corporate limits of cities of more than 50,000 inhabitants. Failing to give such notice, the pendency of said proceeding cannot be, in the language of the statute, "considered or construed as notice of such claim to third persons, not parties to said suit."

Moreover, one of the Thomas heirs was present at the sale for the purpose of bidding, and none of them made any protest against the offering of the property for sale.

The sale being valid, the contention was restricted to the correctness of the account and the distribution of the residuum.

Both courts concurred in recognizing the opponents as the lawful widow and heirs of William Thomas. Their status is assailed in this court by the public administrator and the alleged heirs of Elizabeth Winter, who was married to William Thomas in 1870. The public administrator has no interest in the question.

The alleged heirs of Elizabeth Winter made no application for a rehearing before the Court of Appeal, and cannot avail themselves of this proceeding to have the judgment amended.

In a recent case we said:

"When a judgment is ordered up for review at the instance of one of the parties to a cause, to correct a supposed error of which he complains, we do not understand that the opposing litigant, who has made no complaint and sought no remedy, can avail himself of the occasion to have the judgment amended for his benefit." Ware v. Couvillion, 112 La. 43, 36 South. 220.

For the reasons assigned, it is ordered, adjudged, and decreed that this proceeding be dismissed at the cost of the applicants.

NICHOLLS, J., takes no part.

See dissenting opinion of PROVOSTY, J., 38 South. 521.

#### On Rehearing.

PROVOSTY, J. For the reasons assigned in the original opinion herein, the decree heretofore handed down herein is reinstated and made the judgment of the court.