**D. H. HOLMES CO., Limited, v. VAN RYPER et al.***

No. 16600.

Court of Appeal of Louisiana. Orleans.

April 19, 1937.

Schwarz, Guste, Barnett & Redmann, of New Orleans (Herman L. Barnett, of New Orleans, of counsel), for Mrs. Dorothy Day Van Ryper.

Baldwin, Haspel & Molony, of New Orleans (R. R. Rainold, of New Orleans, of counsel), for H. H. Morris.

Frymire & Ramos and C. L. Stiffell, all of New Orleans, for D. H. Holmes Co., Limited.

McCALEB, Judge.

Dorothy Day Van Ryper was married to H. H. Morris on July 1, 1932. At the time of her marriage, she maintained a charge account in her maiden name with the D. H. Holmes Company, Limited, a department store in the city of New Orleans. In September, 1932, shortly after her marriage, this account was changed to the name of "Mrs. H. H. Morris." During the year 1934, Mrs. Morris left her husband and has not lived with him since that time, but the parties are not legally separated. During the month of December, 1935, Mrs. Morris purchased from the D. H. Holmes store various items of mer-

*Rehearing denied May 3, 1937.

chandise, amounting to a total of $274.05. These articles were charged to the account of "Mrs. H. H. Morris." Among the goods bought by her was a diamond wrist watch and wrist band, for the price of $250. The bill was not paid, and on February 10, 1936, D. H. Holmes Company, Limited, filed the present suit against both Mr. and Mrs. Morris, seeking judgment against them in solido on the open account for the purchases made by Mrs. Morris.

The petition sets forth, in substance, that Mrs. Morris maintained a charge account with the plaintiff, prior to her marriage, in her maiden name; that, after her marriage, this account was transferred to the name of Mrs. H. H. Morris; that the purchases, during the month of December, 1935, were made personally by Mrs. Morris; that they represent necessaries furnished to her, for which the community of acquets and gains, existing between her husband and herself, is responsible, and the prayer is for judgment against the spouses in solido in the sum sued for, with recognition of a vendor's lien and privilege upon the diamond wrist watch and wrist band.

Mr. Morris appeared and answered the petition, denying liability in the premises on the ground that the goods bought by his wife are not necessaries, as defined by the jurisprudence, and that he, as head and master of the community, is not responsible therefor.

Mrs. Morris also answered the petition, admitting that she made the purchases, as set forth in the plaintiff's petition, for the account of the community existing between herself and her husband; that the debt is one of the community, for which her husband is responsible; and that she is not individually liable therefor.

The case was tried on the foregoing issues, and the judge, after hearing the evidence, granted a judgment in favor of the plaintiff and against Mr. Morris for the claimed amount and dismissed its suit against Mrs. Morris. From this decision, Mr. Morris has appealed, and the plaintiff has also appealed from the judgment dismissing its suit as to Mrs. Morris.

Shortly after the trial in the court below, counsel for Mrs. Morris withdrew from the case, and other counsel have been employed in this court on her behalf. The latter have filed here an exception of no right or cause of action. They contend that the allegations of plaintiff's petition show that the account sued on is a community debt, for which only Mr. Morris, as head and master, is responsible and that, under the law, Mrs. Morris could not become personally liable, unless she had specifically agreed to pay this community debt, under the provisions of Act No. 283 of 1928. We find it unnecessary to pass upon this exception for the reason that the evidence plainly shows that the credit extended by the plaintiff was not to Mrs. Morris, but to the community of acquets and gains existing between her husband and herself and for which her husband alone is responsible.

■ Counsel for plaintiff contend that, under Act No. 132 of 1926, as amended by Act No. 283 of 1928, a married woman has the right to bind her personal estate for the debts of the community and that, for this reason, Mrs. Morris is liable in solido with her husband on the account in suit. This statute, as interpreted by the Supreme Court in United Life & Accident Ins. Co. v. Haley et ux., 178 La. 63, 150 So. 833, has been held to mean that a married woman can, by contract, bind herself personally with her husband for the payment of a community debt. Therefore, the point presented for our determination is whether or not Mrs. Morris actually bound herself personally with her husband for payment of the merchandise bought from the plaintiff. This is solely a question of fact. In Wilson & Gandy v. Cummings (La.App. Second Circuit), 150 So. 436, it was held that, in order to hold the wife individually liable for a community debt, the proof must be clear and convincing that it was her intention to become personally responsible, and in Alpha v. Aucoin (La.App.) 167 So. 835, the ruling in Wilson & Gandy v. Cummings, was approved and followed by this court.

■ An examination of the evidence submitted at the trial not only reveals that Mrs. Morris did not intend to become personally responsible to plaintiff, but the testimony of Mr. J. A. Smith, credit manager of plaintiff, plainly exhibits that the credit was not extended to her but to the community of acquets and gains. When Mr. Smith was questioned regarding the status of the charge account in the name of Mrs. Morris, he asserted that the plaintiff looked to Mr. Morris for payment of the account. Mrs. Morris positively states that she purchased the items in suit in the belief that her husband alone was responsible, and that she had no intention of binding herself for the debt.

The plaintiff had the burden of showing that Mrs. Morris contracted to become personally liable for the account. It has failed to sustain this onus by clear and convincing proof and, therefore, the judgment of the trial court, dismissing its claim as to her, is correct.

■ We now consider the liability of Mr. Morris for the goods purchased.

Article 120 of the Civil Code provides:

"The wife is bound to live with her husband to follow him wherever he chooses to reside; the husband is obliged to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition."

This article has been interpreted by this court, in Gus Mayer Co. Ltd. v. Gasquet, 7 Orleans App. 199, to mean that the husband is presumed by law to have authorized the contracts of his wife for necessaries for herself and family and that the term "necessaries" is relative, depending upon the social and financial status of the parties and the circumstances of each particular case.

■ The husband in this case resists the plaintiff's demand on the ground that the articles bought by his wife from the plaintiff were not necessaries. Mr. and Mrs. Morris were not legally separated at the time the purchases were made, and it follows that, if the merchandise consisted of necessaries, the husband is responsible to the plaintiff. The goods purchased by Mrs. Morris, excepting the wrist watch and wrist band, are:

| | |
|---|---|
| 2 gowns | $7.90 |
| 1 hat | 7.50 |
| 1 brush | 1.00 |
| 1 girdle | 5.00 |
| 1 brassiere | 1.50 |
| lunches | 1.15 |
| Total | $24.05 |

It is obvious that all of these items for clothing and food, which Mr. Morris was duty bound to furnish his wife during the existence of the marriage, fall within the term "necessaries" as defined in the jurisprudence. We have no hesitancy in holding that Mr. Morris is responsible to the plaintiff for furnishing his wife with these necessities of life. L. Feibleman & Co., Inc. v. O'Rourke, 12 La.App. 116, 124 So. 620.

■ Elimination of the foregoing article reduces the discussion to the item of $250, representing the purchase price of the diamond wrist watch and watch band. Mr. Morris vigorously protests liability respecting this on the ground that the purchase is clearly an extravagance on the part of his wife.

Plaintiff, on the other hand, insists that the evidence of Mr. and Mrs. Morris shows that Mr. Morris is a rich man who lives at the Roosevelt Hotel; that he has an automobile and a chauffeur; that he owns various stocks; and that he and his wife are accustomed to wearing quantities of jewelry. An examination of the record does not justify the postulation. It is true that, at the time the spouses were married in 1932, Mr. Morris held a responsible position, from which he received lucrative compensation, and that Mrs. Morris has testified as to many extravagances indulged in both by Mr. Morris and herself. But, at the present time, Mr. Morris earns $85 per month and has assets, in addition to his salary, of approximately $6,000. He states that he lives at the Roosevelt Hotel, where he rents a room for $75 per month, because he hopes that, by maintaining an appearance of prosperity, he will re-establish his position in the business world.

The evidence does not substantiate the conclusion that a $250 wrist watch is a necessity of life for Mrs. Morris. As a matter of fact, she was not using it at the time the case was heard and frankly said, on the witness stand, that she turned it over to her mother who lives in Chicago. At the time she bought this watch, the marital relations between her husband and herself had been severed, and it is patent to us that she made the purchase either with the intent of embarrassing him, or for the purpose of indulging in a luxury far in excess of her actual needs. The account, which she kept with the plaintiff, had been dormant for a long period prior to the time when the purchases in December, 1935, were made. The record of her previous dealings with the plaintiff exhibits that they were modest and that she had never before charged a large item (similar to the one now under discussion) to her husband. This circumstance should and could have been noticed by the plaintiff before it extended the credit.

Counsel for plaintiff tell us in oral argument that, should we reach the conclusion that neither Mr. Morris nor Mrs. Morris

is responsible for the purchase price of the wrist watch and band, it, although acting in good faith, is without redress in the premises. Whether plaintiff has any other remedy against Mrs. Morris is a matter which we have no right to consider as it forms no part of the issue before us.

For the reasons assigned, the judgment in favor of plaintiff against H. H. Morris, in the sum of $274.05, is amended by reducing the amount of the award to the sum of $24.05, and as thus amended it is affirmed. H. H. Morris to pay the costs below and plaintiff to pay the costs of appeal.

It is further ordered that the judgment dismissing plaintiff's suit as to Dorothy Day Van Ryper, wife of H. H. Morris, is affirmed, at plaintiff's cost.

Amended and affirmed.