177 So. 417

**D. H. HOLMES CO., Limited, v.
MORRIS et ux.**

No. 34452.

Nov. 2, 1937.

Frymire & Ramos and C. L. Stiffell, all of New Orleans, for relator D. H. Holmes Co., Limited.

Baldwin, Haspel & Molony, Robert R. Rainold, and Herman L. Barnett, all of New Orleans, for respondents.

O'NIELL, Chief Justice.

This is a suit on an open account, for purchases made by a married woman in her own name, without her husband's knowledge, and while she was living separate and apart from him. The amount of the bill is only $274.05. One item on the account is a diamond wrist watch, $150, and another item is a watch band, $100. The other items, being five in number, and amounting to only $24.05, are for clothing, $22.90, and two lunches, $1.15. The plaintiff asked for a judgment against the husband and wife, in solido, for the. $274.05. The judge of the city court gave judg-

ment against the husband, H. H. Morris, for the $274.05, but dismissed the suit against Mrs. Morris. Mr. Morris appealed from the decision, to the Court of Appeal, and the plaintiff appealed from that part of the decision which dismissed the suit against Mrs. Morris. The Court of Appeal decided that Mr. Morris was not obliged to furnish or pay for the wrist watch or the watch band, but was obliged to pay for the clothes and the two lunches. Hence the Court of Appeal reduced the amount of the judgment against Mr. Morris to $24.05, and affirmed the judgment dismissing the suit against Mrs. Morris. D. H. Holmes Co. v. Van Ryper, 173 So. 584. A writ of review was granted on the petition of the plaintiff, D. H. Holmes Company.

The question of liability of Mr. Morris for the wearing apparel and the two lunches which Mrs. Morris bought and had charged to her own account, amounting to $24.05, has passed out of the case, because Mr. Morris did not ask for a review of the judgment which the Court of Appeal rendered against him for the $24.05, affirming to that extent the judgment of the city court. Where a writ of certiorari or review is granted at the instance of one of the parties to a suit, to consider a complaint of a judgment of the Court of Appeal, under the provisions of section 11 of article 7 of the Constitution, and of Act No. 191 of 1898, carrying out the provisions of article 101 of the Constitution of 1898, an opposing party to the suit, who has not applied for a writ of review, cannot have the judgment amended

for his benefit. In such cases the judgment of this court will be confined to the complaint or complaints of the party or parties at whose instance the writ of review was granted. Ware v. Couvillion, 112 La. 43, 36 So. 220; Succession of Thomas, 114 La. 693, 38 So. 519; Black v. Louisiana Central Lumber Co., 161 La. 889, 109 So. 538; Foley v. National Life & Accident Insurance Co., 183 La. 49, 162 So. 798; Cryer v. National Life & Accident Insurance Co., 183 La. 67, 69, 162 So. 804.

The Court of Appeal, in determining the question of liability of the husband for the debt incurred by his wife, drew a distinction between the articles of clothing and the lunches, amounting to $24.05, for the payment of which the husband was held liable, and the diamond wrist watch and the wrist band, amounting to $250 for the payment of which the husband was not liable. The court held that the indebtedness of $24.05 which the wife incurred for clothing and lunches came within the provision in article 120 of the Civil Code, that the husband is obliged to furnish the wife "with whatever is required for the convenience of life, in proportion to his means and condition." At the same time the court held that the wrist watch and wrist band were luxuries, which the husband was not obliged to furnish or pay for.

As we have said, the judgment against Mr. Morris for the price of the clothing and lunches, amounting to $24.05, has become final, and it may have been paid, as far as the record shows. We shall avoid, therefore, an expression of opinion, not only as to whether the judgment is correct in that respect, but also as to whether a judgment for those items on the account should have gone against both the husband and wife, in solido. In fact, the only purpose for which the writ of review was granted in this case was to consider and decide whether the plaintiff should have judgment against Mrs. Morris for the price of the wrist watch and the wrist band bought by her. We did not doubt that the judgment of the Court of Appeal was correct in declaring that Mr. Morris was not liable for the price of either the wrist watch or the wrist band, bought by his wife. The only law on which the plaintiff bases the suit against Mr. Morris is the declaration in article 120 of the Civil Code, that the husband is obliged to receive the wife "and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition." Accordingly, it was said in the case of Van Horn v. Arantes, 116 La. 130, 40 So. 592, 593, that, although a wife whose husband failed to support her could not sue him for alimony if she had no cause for a suit for divorce or for separation from bed and board, she had "the right to purchase the necessaries of life, at his expense, when he refuses to furnish the same." There is nothing in that doctrine to compel a husband to pay for jewelry bought by his wife, in her own name, and for her own use or adornment, while she is living separate and apart from him. It matters not that there was no divorce or judgment of separation from bed and board in this case. The husband and wife were living apart from each other by common consent. He paid her an al-

lowance of $25 a month for her support, and never refused to furnish anything that she requested, as far as the record shows, previous to his refusal to pay the bill which brought about this suit. In the case of Schaeffer v. Trascher, 165 La. 315, 115 So. 575, 576, it was said that there was no authority for any outsider to take upon himself ex humanitate, the duty of the husband to furnish his wife the necessaries of life, unless the husband failed or refused to perform that duty. The plaintiff in that case, a furniture dealer, sued Mr. and Mrs. Trascher, and asked for a judgment against them in solido, for the price of a lot of household furniture that Mrs. Trascher had bought and with which she had furnished a separate apartment for herself while she was separated from her husband, pending a suit which she had brought for a separation from bed and board. Mr. and Mrs. Trascher became reconciled, and she, having no funds of her own with which to pay for the furniture, offered to return it to Schaeffer; but he refused to accept it in payment for the debt, and sought to hold Mr. Trascher liable, under article 120 of the Civil Code, and to hold Mrs. Trascher liable under the statute (Act No. 132 of 1926, now Act No. 283 of 1928) permitting a married woman to incur contractual obligations without consulting her husband. The district court held, as the city court has held in the present case, that the husband was liable for the price of the goods, but that the wife was not liable. Mr. Trascher appealed to the Court of Appeal, and that court affirmed the judgment against him.

But the plaintiff, Schaeffer, did not appeal; hence the judgment in favor of Mrs. Trascher became final. Mr. Trascher brought the case to this court on a writ of review, and obtained a reversal of the judgment against him. The court cited article 120 of the Civil Code and the rule announced in Van Horn v. Arantes, 116 La. 130, 40 So. 592, and said:

"This rule compels the husband to pay in a proper case, and at the same time affords him some protection against the extravagance of a wife in purchasing what she does not need. Wanamaker v. Weaver, 176 N.Y. 75, 83, 68 N.E. 135, 65 L.R.A. 529, 98 Am.St.Rep. 621."

In a very recent case, Adams v. Golson and wife, 187 La. 363, 174 So. 876, 879, the court, in deciding that the husband was not liable for a tort committed by his wife while she was using his automobile for her own pleasure, cited with approval Schaeffer v. Trascher, supra, thus:

"The wife is without authority to contract a debt that will bind the community during its existence, not even for the necessary supplies for herself which her husband is required to furnish, except and unless he himself fails or refuses to do so. Schaeffer v. Trascher, 165 La. 315, 115 So. 575."

Although we find that Mr. Morris is not obliged to pay for the watch and wrist band which his wife bought, we see no good reason why she should not be obliged to pay for them. By Act No. 132 of 1926, and again by Act No. 283 of 1928, married women were declared fully eman-

cipated and relieved of all of the incapacities to which, as such, they were theretofore subject, and were empowered to enter into contracts and obligations of all kinds, without the authority of the husband or of the judge. The only limitation in either of these statutes, in that respect, was and is that nothing therein shall modify or affect the matrimonial community; that is to say, that the husband is yet the head and master of the matrimonial community, and that a contract made by the wife alone cannot impose an obligation upon the community, except, perhaps, to the extent permitted by article 120 of the Civil Code, as construed in Van Horn v. Arantes, supra, and in Schaeffer v. Trascher, supra. In United Life & Accident Insurance Co. v. Haley, 178 La. 63, 67, 150 So. 833, 834, the court quoted with approval from Mathews Bros. v. Bernius, 169 La. 1069, 1075, 126 So. 556, 558, a declaration to the effect that, under Act No. 132 of 1926, which was the predecessor of Act No. 283 of 1928, married women had the same capacity to contract debts as if they were single, but that they could not "bind the community, or interfere with the husband's rights as head and master thereof." And in Shell Petroleum Corporation v. Calcasieu Real Estate & Oil Co., 185 La. 751, 773, 170 So. 785, 792, it was said:

"The act [No. 132] of 1926 was superseded by Act No. 283 of 1928, which uses stronger and plainer language—and possibly goes further—in the emancipating of married women."

The Court of Appeal came to the conclusion that, inasmuch as Mrs. Morris was not living with her husband, and in fact had been living separate and apart from him for a year, when she bought the watch and wrist band, "she made the purchase either with the intent of embarrassing him, or for the purpose of indulging in a luxury far in excess of her actual needs." D. H. Holmes Co. v. Van Ryper, 173 So. 584, 586. Nevertheless, the court held that, as Mrs. Morris bought these articles in the belief that her husband alone would be liable for the debt, and without any intention of binding herself for the debt, she was not liable for the debt. And in this connection the court cited the decision, by the Court of Appeal for the Second Circuit, in Wilson & Gandy v. Cummings and wife, 150 So. 436, 437, to the effect that a married woman could not be held liable personally for a debt of the matrimonial community unless there was clear and convincing proof that she had entered into a contract with the intention of being liable personally for the debt. In that case, however, the court observed that the debt for which Mrs. Cummings was being sued, and which was represented by an open account, was "a community obligation charged to her husband only, knowing that she was not primarily responsible for its payment, and further knowing, we assume, that she had not bound or committed herself to its payment," etc. In the present case, the account sued on stood in the name of Mrs. H. H. Morris. She opened the account in her maiden name, two years and nine months before she

was married; and she alone requested the D. H. Holmes Company to change the name in which the account was carried, to "Mrs. H. H. Morris," two months after she was married. There was no change, however, as to the person or individual who kept the account with the D. H. Holmes Company. The account was small; the largest amount of purchases in any one month previous to the purchases in contest in this suit being less than $30; but the bills were always paid promptly, and hence the account was very satisfactory to the D. H. Holmes Company. The last purchases made previous to the purchases now in contest were made a year and eight months previous thereto, and amounted to only $16.20. The amount was paid by a check of H. H. Morris; but that was before he and his wife were separated. It is not unlikely that Mrs. Morris believed that her husband would be obliged to pay the bill of $250 for the watch and wrist band, and hence that she would not have to pay for them; but there was no express or implied promise on the part of the husband to pay for any such unusual purchase on the part of his wife; especially when he and she had been put asunder. Mr. Morris was not a rich man. He was drawing a large salary at the time of his marriage, but lost his position seven months afterwards, three years before Mrs. Morris bought the watch and wrist band. At that time his salary was only $85 a month, and his net worth about $5,000. These facts, however, are not important, beside the proposition that ignorance on the part of Mrs. Morris, of the law which

would oblige her to pay for the watch and wrist band, if in fact she was ignorant of the law on that subject, would not relieve her of the obligation of her contract.

The attorney who represented Mrs. Morris in the city court withdrew, and other counsel appeared for her, when the case reached the Court of Appeal; and the newly-employed attorneys filed an exception of no cause or right of action, as far as Mrs. Morris was concerned. The exception was founded upon the allegation in the plaintiff's petition that the debt sued for was a debt of the matrimonial community. The Court of Appeal found it unnecessary to pass upon the exception of no cause or right of action, because the court found that the evidence showed that the credit was extended by the D. H. Holmes Company not to Mrs. Morris, but to the matrimonial community. The exception of no cause or right of action was not well founded, because the plaintiff set forth in the petition all of the facts with reference to the purchases being made by Mrs. Morris in her own name; hence the allegation that the debt was a debt of the community was not an allegation of fact, but a mere conclusion of law, on which the plaintiff sought to hold Mr. Morris liable for the debt. The plaintiff did not, by that allegation, concede that Mrs. Morris was not liable for the debt, but, on the contrary, insisted that she was liable, in solido with her husband, for having contracted the debt. A litigant is estopped or bound by his allegations of fact made in his pleadings, but not by allegations which

are mere pronouncements of propositions of law.

The plaintiff prayed for a decree recognizing the vendor's lien on the wrist watch and wrist band, and would be entitled to such a decree if the articles were yet in the possession of Mrs. Morris. Rev. Civ.Code, art. 3227. But the record discloses that the watch and wrist band had passed into the possession of the mother of Mrs. Morris, in Chicago, at the time of the trial of the case. Hence we consider that the vendor's lien is gone, and perhaps would be of no avail if not legally gone.

### Decree.

The judgment of the Court of Appeal, affirming the judgment of the city court, dismissing the suit against Mrs. Dorothy Day Van Ryper Morris, wife of H. H. Morris, is reversed, and it is now ordered, adjudged, and decreed that the plaintiff, D. H. Holmes Company, recover of and from Mrs. Dorothy Day Van Ryper Morris, wife of H. H. Morris, the sum of $250, with interest thereon at 5 per cent. per annum from judicial demand; that is, from the 10th day of February, 1936. In all other respects the judgment of the Court of Appeal is affirmed. The defendants, Mr. and Mrs. Morris, are liable in solido to the plaintiff for the costs incurred in the city court, but as between them each of the defendants is held liable for half of those costs; and Mrs. Morris is to pay the costs of the Court of Appeal and of this court.

HIGGINS, J., takes no part.