69 So.2d 618 (1953)
MONTGOMERY et al.
v.
GREMILLION.
No. 8090.
Court of Appeal of Louisiana, Second Circuit.
December 29, 1953.
*619 Maxwell J. Bordelon, Marksville, for appellant.
Coco & Bennett, Marksville, for appellees.
GLADNEY, Judge.
This suit was instituted by Norman H. Montgomery and Wiltz J. Roule, against the defendant, Herman Gremillion, to recover an alleged indebtedness for furniture purchased by Mrs. Herman Gremillion. Prior to trial of the suit Roule acquired the interest of Montgomery in the account and the latter has passed out of the case. The defense is predicated upon a want of authorization given by the defendant husband for his wife to so contract. Subsequent to the transaction fire destroyed the residence of defendant and all the furniture except two pieces which were damaged. After trial there was judgment in favor of plaintiff, Roule, and against defendant for the amount of the account. From this judgment defendant has perfected an appeal.
Certain facts are not in dispute. It is admitted that defendant and his wife were living in community at the time the furniture was purchased and there is no controversy as to the fact of delivery and the unpaid balance. Defendant asserts, however, that the articles so purchased were not authorized by him, and were not necessaries for which he would be legally responsible even without such authorization. It is not disputed Mrs. Gremillion handled the entire trade that was made; that her husband knew of the purchase and the delivery of the furniture and protested to no one other than his wife. Counsel for plaintiff take the position the several acts of defendant amount to a ratification of the contract even if such articles may not be classified as necessaries.
It is well settled in Louisiana that the husband is liable for purchases by his wife when such are not necessaries if the husband knew of the purchases and did nothing at the time to repudiate the debt and permitted the articles so purchased to be used for the benefit of the community. His responsibility arises from his silence and inaction which are circumstances showing consent and ratification. The acts of the husband from which ratification can be inferred are such as must appear clearly and unequivocably, and ratification will not be inferred where the acts can be otherwise explained. LSA-C.C. arts. 120, 1816, 1817, 2272 and 2402. See also: Standard Manufacturing Company v. Dupuis, 1927, 6 La. App. 476; Werlein, Ltd. v. Madsen, 1929, 10 La.App. 550, 120 So. 237; Rahier v. Rester, La.App. 1942, 11 So.2d 87; Mathews Furniture Company, Inc., v. La Bella, La. App. 1952, 44 So.2d 160.
The term "necessaries" is relative and depends on the social and financial condition of the parties and the circumstances of each case. LSA-Civil Code art. 120 declares the husband is obligated to furnish his wife whatever is required for the conveniences *620 of life, in proportion to his means and condition. See: D. H. Holmes Company, Ltd. v. Van Ryper, La.App.1937, 173 So. 584, modified on other grounds D. H. Holmes Co. v. Morris, 188 La. 431, 177 So. 417, 114 A.L.R. 905; D. H. Holmes Company, Ltd. v. Morris, La.App. 1937, 188 La. 431, 177 So. 417; D. H. Holmes Company, Ltd. v. Huth, La.App. 1951, 49 So.2d 875.
The judge a quo after giving thorough consideration to the evidence adduced reached the conclusion that the contract was ratified by the husband. He commented in an excellent statement of his reasons for judgment:
"In this case defendant by his own testimony admitted that he knew of his wife's proposed purchase; He knew the old furniture was being traded in; he knew with whom the deal was made; he knew who delivered the merchandise or furniture; he used it, slept on the beds, ate off the table, sat on the chairs, etc., and continued to do this for many months or possibly even years, without any protest or warning to plaintiffs that he was not bound or did not intend to be bound on his wife's contract. We find that even after this account is placed in the hands of plaintiffs' attorney for collection, he sought amicable adjustments from them for more time to pay the obligation, stating even then he was not financially able to pay rather than that he had never authorized or ratified the purchase contract."
We are in complete accord with these findings.
In this court the appellee has filed an answer to the appeal, asserting he is entitled to have the judgment amended by awarding interest at the rate of eight per cent per annum from November 16, 1951, until paid and attorneys' fees of twenty-five per cent on the principal and interest. The record indicates that when Mrs. Gremillion purchased the furniture she executed an act of chattel mortgage and a note for the sum of $550.08, payable in installments as shown in an act of sale and chattel mortgage, with interest after maturity until paid at the rate of eight per cent per annum, which note was dated November 16, 1951. The act of sale and chattel mortgage were not offered in evidence although the note was filed in the record. Proof of the account was made upon an itemized statement. We observe that in plaintiffs' petition the amount of attorneys' fees claimed is not set forth. For these reasons alone the judgment limiting the indebtedness to the balance due on the account with legal interest from date of judicial demand is correct. Further objection which need not be discussed herein is that the record fails to disclose express and special authorization to execute the note and chattel mortgage was given by defendant to his wife as required by LSA-C.C. art. 2997.
It follows from the foregoing findings the judgment from which appealed should be and is hereby affirmed at appellant's cost.