139 So.2d 538 (1962)
GOLDRING'S, INC.
v.
George SEELING and Elvira Niemann Seeling.
No. 300.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 1962.
*539 Siegfried B. Christensen, III, Joseph S. Russo, New Orleans, for plaintiff, appellant-appellee.
Richard A. Thalheim, Gordon L. Bynum, Gretna, for defendant-appellee, George Seeling.
C. Cyril Broussard, New Orleans, for defendant-appellant, Elvira Niemann Seeling.
Before REGAN, YARRUT and JOHNSON, JJ.
YARRUT, Judge.
This is a suit to recover $430.97, on open account, brought jointly against husband and wife, for purchases made by the wife of an assortment of ladies' wearing apparel, consisting of suits, dresses, hats, coats and kindred articles.
The Defendant-wife admits the purchases, but denies liability on the ground she made them while living with her husband, for which he alone is responsible as necessaries.
The Defendant-husband denies he authorized the purchases; contends he was living separate and apart from his wife; and that, prior to these purchases, he informed Plaintiff he was separated from his wife and would not be responsible for any further purchases by her.
There was judgment in favor of Plaintiff against the wife alone, with dismissal of the suit against the husband. Both Plaintiff and the wife have appealed.
At the conclusion of the trial the court remarked:
"I don't mind telling you that I am convinced by the evidence that these purchases were made, and that under the law they apparently are the responsibility of MR. SEELING. The only question in my mind is as to whether or not, since there are apparently a NUMBER of such purchases in a PARTICULARLY SHORT time, whether or not they could constitute NECESSITIES, or should they constitute something else; and whether or not HE would be responsible for the purchases in the light of those circumstances."
The evidence shows clearly that the wife had an account with Plaintiff beginning in 1955, the husband paying the bills; that the $430.97 purchases involved here were made on two occasionsJuly 25 and August 7, 1958, $31.00 on the former date and the balance on the latter date; that the parties *540 were living together at the time, but unhappily, and were not judicially separated until after the husband left the matrimonial domicile in October, 1958. (See Seeling v. Seeling, La.App., 133 So.2d 168; La.App., 133 So.2d 161.)
In view of the admissions by the husband that they were living together while the purchases involved here were made; that he paid former bills for purchases made by his wife, and these purchases consisted of the usual clothing a woman would use, perhaps a few more dresses or hats than another wife might want or need, the residual issue which is determinative of the case, is whether or not the husband notified Plaintiff that he no longer would be responsible for her purchases, that is, whether he had withdrawn his authority for her to make the purchases for account of the community before they were made.
The wife testified her husband knew of the purchases, and she wore them openly.
He testified he called at Plaintiff's place of business and notified someone in the office, he could not identify, that he would not pay any more of his wife's purchases. The lady in charge of the office testified they had no record of such notification. It seems hardly reasonable to believe that Plaintiff would risk selling to a wife once her husband notified it he would no longer be responsible therefor.
Significant, in connection with the husband's claim that he notified Plaintiff, is this cross-examination:
"Q. When was the last time you bought your wife any clothes? When was the last time you gave her money to buy herself clothes?
"A. I never did give her the money. She bought the clothes, and I paid the bills. After she left, I did not pay the bills."
* * * * * *
"Q. When were you first informed of the fact that these purchases were made at GOLDRING'S by your wife?
"A. I got a letter from them one time, and they sent one to my attorney, for everything she bought, and he answered that letter; and he was the one who told me to go and tell them in all the stores to stop her credit."
From the above, it is clear that he paid for all his wife's purchases at Goldring's, except this last bill; and it was only after they demanded payment by letter to him and his attorney, for the purchases involved here, that he made, if at all, any attempt to cancel her authorization, which Plaintiff's credit manager denied receiving at any time. In spite of this, the husband insisted he notified Plaintiff in June, 1958, that he would no longer be responsible.
Having permitted his wife to establish an account with Plaintiff, and having paid her bills without question, the husband cannot, because of their later separation, refuse to pay her previous purchases of customary wearing apparel. In this regard, he ratified the action of his wife as agent for the community to purchase her necessary wearing apparel and kindred articles, which authority continued until expressly revoked. The husband has failed in his defense that he gave notice of revocation to Plaintiff.
Husband's liability for necessaries furnished his wife results from implied agency in wife to contract on husband's behalf; and this presumption continues until the occurrence of some event that changes the legal situation. Overton v. Nordyke, 10 La.App. 317, 120 So. 544; D. H. Holmes Co. v. Van Ryper, La.App., 173 So. 584; D. H. Holmes Co. v. Morris, 188 La. 431, 177 So. 417, 114 A.L.R. 905.
The term "necessaries" is relative, and depends on the social and financial condition of the parties and the circumstances of each case. LSA-C.C. art. 120, declares the husband is obligated to furnish his wife whatever is required for the convenience of life, in proportion to his means and condition. D. H. Holmes Co. v. Huth, La.App., *541 49 So.2d 875; Montgomery v. Gremillion, La.App., 69 So.2d 618.
The purchases here appear to be the normal female wearing apparel, not luxuries, though with duplicate items. However, there is no evidence that this quantity of clothing was not necessary for the wife's normal needs; nor any evidence of the period intervening between similar purchases by her.
For the reasons assigned, the judgment of the district court is set aside, and it is now ordered, adjudged and decreed that there be judgment in favor of Plaintiff-Appellant, Goldring's, Inc., and against Defendant, George Seeling, in the sum of $430.97, with legal interest from July 28, 1958 until paid, and costs in both courts; and suit against Defendant, Elvira Niemann Seeling, is dismissed, at Plaintiff's cost.
Judgment set aside and rendered.