YARRUT, Judge.
Defendant, Fred Robitcheck, alone appeals from a judgment rendered in solido against him and his wife in favor of Plaintiff; and from the dismissal of his recon-ventional demand.
Plaintiff is the holder and owner of a promissory note signed by the wife alone for $706.80, plus interest and attorney’s fees, which Plaintiff acquired from the seller of air-conditioning equipment purchased alone by Defendant-wife, but later installed in the family home, with the full knowledge, consent and approval of the husband, without any objection or complaint that the wife was without authority to make the purchase.
On the trial of the case, the husband admitted that the equipment was installed in the family home in his presence and with *626 his assistance, all without his protest or objection, and that the equipment was used in the family home for a period of 30 days, when the parties separated. The husband refused payment, contending his wife was not authorized to make the purchase and she alone is responsible for the debt. The lower court rendered judgment as prayed against the wife by default, and against the husband, after trial on the merits.
A husband, as head and master of the community, is responsible for the purchases made by the wife:
(a) When they are necessaries which he has otherwise refused to furnish;
(b) If he expressly or impliedly authorized the wife to make the purchase;
(c) If he later ratifies the purchase, either expressly or impliedly.
Pretermitting the first two situations, and considering alone the question of ratification of the wife’s action, we must agree with the trial court that the husband’s presence and approval of the installation and use of the air-conditioning units in the family home, all without any protest, constituted a ratification of the wife’s purchase and made him liable as head and master of the community therefor. Goldring’s Inc. v. Seeling, La.App., 139 So.2d 538; Conley v. Johnson, La.App., 98 So.2d 847; Montgomery v. Gremillion, La.App., 69 So.2d 618.
However, though the husband ratified the purchase he is responsible for the purchase price only. Since he did not originally authorize the purchase or authorizes his wife to sign a promissory note stipulating 8% interest and 20% attorney’s fees, he is responsible only for the purchase price. One is not responsible for attorney’s fees or conventional interest unless he has contracted to pay them.
The reconventional demand is for $2500.00 alleged damage to his right of privacy, slander of his good character and reputation, resulting from a telephone conversation between an employee of Plaintiff and Robitcheck’s employer, in which the latter was informed of Robitcheck’s failure to pay Plaintiff. No evidence was offered by Robitcheck that he suffered any loss of position, pay, reputation or that his credit rating was impaired. The judgment of the lower court and our affirmance thereof, is ample proof of the lack of merit in the reconventional demand.
For the reasons assigned, the judgment of the lower court is amended by disallowing the 20% attorney’s fees and by reducing the interest to the legal rate of 5%; otherwise the judgment is affirmed; Defendants-Appellants to pay costs in both courts.
Amended and affirmed.