260 So.2d 123 (1972)
Louis WATSON, Plaintiff-Appellee,
v.
Johnny VEULEMAN, Defendant-Appellant.
No. 3754.
Court of Appeal of Louisiana, Third Circuit.
March 16, 1972.
Rehearing Denied April 18, 1972.
*124 Makar & Whitaker, by John B. Whitaker, Natchitoches, for defendant-appellant.
Watson, Murchison & Crews, by William P. Crews, Jr., Natchitoches, for plaintiff-appellee.
Before FRUGÉ, SAVOY, and HOOD, JJ.
HOOD, Judge.
Louis Watson instituted this suit to recover the balance alleged to be due on the purchase price of an automobile, with recognition of a vendor's privilege on that vehicle. The automobile was sequestered pending the suit. Defendants are Johnny Veuleman and his wife, Mrs. Johnny Veuleman.
Judgment was rendered by the trial court in favor of plaintiff, condemning Mr. Veuleman to pay Watson the amount claimed, recognizing plaintiff's lien and privilege on the vehicle, and maintaining the sequestration of the automobile. The suit was dismissed as to Mrs. Veuleman. Defendant Veuleman has appealed. Plaintiff Watson and Mrs. Veuleman have not appealed, and they have not answered the appeal which was taken.
The sole issue presented is whether the amount owed on the purchase price of the automobile is a debt of the community which exists between Mr. and Mrs. Veuleman, and thus whether plaintiff is entitled to judgment against Mr. Veuleman, as head *125 and master of the community, for the amount claimed.
The record does not contain a transcript of the testimony which was taken at the trial. Neither does it contain a narrative of facts, as provided in LSA-C.C.P. art. 2131. A number of documents were introduced in evidence, however, and that documentary evidence is in the record. Also, the trial judge assigned written reasons for judgment, and in those reasons he appears to have revealed substantially all of the material testimony.
The established rule is that when the record does not contain a transcript of the testimony or a narrative of facts, but it does contain written reasons of the trial judge which reveal substantially all of the material testimony, and the record is sufficiently complete to permit full consideration of the issues presented on appeal, the reviewing court may accept the facts stated in the trial judge's reasons for judgment as revealing all of the material testimony which was presented at the trial. Succession of Seals, 243 La. 1056, 150 So.2d 13 (1963).
We find that the written reasons for judgment assigned by the trial judge in this case reveal substantially all of the material testimony, and that the record is sufficiently complete to permit a consideration and determination of the issue presented here.
The record shows that in May, 1970, Mrs. Veuleman wanted to purchase an automobile to give to the Veulemans' minor son as a graduation present. Mr. Veuleman opposed the proposed purchase, and he refused to take part in such a transaction. Mrs. Veuleman, in spite of her husband's opposition, entered into an agreement with Watson for the purchase of a used automobile to give to her son. A written contract of sale was executed by Watson and Mrs. Veuleman, dated May 7, 1970, evidencing the fact that Watson had sold the automobile to Mrs. Veuleman, and that the purchase price was "all balance due on vehicle to Ford Motor Credit Co. and Dial Finance Co." Mrs. Veuleman determined how much was owed to these finance companies before she purchased the car, and she also ascertained that the indebtedness was payable in installments of $65.01 per month.
The trial judge further summarized the material testimony in his reasons for judgment as follows:
"On the date of the sale Mrs. Veuleman and her husband, Johnny Veuleman discussed the purchase of the Ford Mustang. Mr. Veuleman was opposed to the purchase but limited this opposition to saying he would not take any part in purchasing the Ford. The car was being purchased as a graduation present for Richard Wayne Veuleman, minor son of the Veulemans. Their idea of purchasing the car originated with Richard.
"Mrs. Veuleman accompanied by Richard, Mr. Watson and his stepdaughter Evelyn W. Freeman, age 20, but married, went to the Bell Brothers Store in Robeline.............
"At the Bell Brothers Store, Mr. Jack Bell, a Notary Public, prepared at the directions of Mr. Watson and Mrs. Veuleman the sales contract designated as Exhibit D-1.
"From the evidence presented Mrs. Veuleman would obtain postal money orders and mail them to Ford Motor Company.............
"During all this time, Mr. Veuleman was aware of the transaction and in spite of his statement that he disapproved the deal, he did nothing to prevent it. He testified that Mrs. Veuleman did all the paper work in the family. That he turned the income he received from his logging work over to his wife and she paid all the bills."
After this purchase was completed, Mrs. Veuleman obtained four or five money orders *126 for monthly payments which became due, but by October 16, 1970, the payments were two months in arrears, and this suit was filed.
Plaintiff contends that the contract sued upon is valid since married women were emancipated by LSA-R.S. 9:101; that title to the automobile is presumed to have become vested in the community, even though it was bought in the name of the wife; and that the husband is the proper defendant in an action to enforce an obligation of the community. Mr. Veuleman defends on the grounds that the indebtedness incurred by his wife is not a community obligation for family necessities; that he did not authorize his wife to buy this automobile; and that he did not ratify his wife's purchase of the vehicle, but instead he "opposed the purchase at all times, but due to married women's emancipation act, was unable under the law to stop her from buying it."
The trial judge concluded that "Mrs. Veuleman's acts were for the benefit of the community," that "the obligation herein sought to be enforced is a community obligation," and that "defendants have not borne the burden of overcoming this presumption by the conclusive proof of this being a separate obligation of Mrs. Veuleman." Judgment thus was rendered condemning Mr. Veuleman to pay the amount claimed, and dismissing this suit as to his wife.
Article 2404 of the Louisiana Civil Code provides that the husband is the head and master of the community. Ordinarily he alone, and not the wife, may obligate the community. Several exceptions to this general rule have been established, however, under which the community may become obligated for debts contracted by the wife. The only such exceptions which merit consideration here are: (1) When the debt is incurred by the wife under the husband's obligation to supply necessaries; (2) when the wife is an agent of the community; and (3) when the obligation is ratified by the husband. See comment, 25 L.L.Rev. 201 (1964) at pages 234 and 235; LSA-C.C. art. 120; Montgomery v. Gremillion, 69 So.2d 618 (La.App. 2 Cir. 1953); Royal Furniture Company of Baton Rouge v. Benton, 260 La. 527, 256 So.2d 614 (1972).
We do not consider the debt which was incurred by Mrs. Veuleman to be an obligation for necessaries which the husband is obliged to supply, within the meaning of Article 120 of the Civil Code.
The evidence does not show that Mr. Veuleman ever represented to Watson that his wife was an agent of the community, and it does not show that Mr. Veuleman had given Watson or anyone else reason to believe that his wife had authority to obligate the community for the purchase price of an automobile. The fact that Mrs. Veuleman did all the paper work in the family and paid all of the bills does not justify a holding that she acted as agent for the community in purchasing the vehicle. We find that she had no authority, either express or implied, to act as an agent for the community in making this purchase.
The question remains, however, as to whether Mr. Veuleman ratified the purchase, and thus whether the obligation to pay the price became a community debt. In Montgomery v. Gremillion, supra, the Second Circuit Court of Appeal stated:
"It is well settled in Louisiana that the husband is liable for purchases by his wife when such are not necessaries if the husband knew of the purchases and did nothing at the time to repudiate the debt and permitted the articles so purchased to be used for the benefit of the community. His responsibility arises from his silence and inaction which are circumstances showing consent and ratification. The acts of the husband from which ratification can be inferred are such as must appear clearly and unequivocably, and ratification will not be inferred where the acts can be otherwise explained." (Emphasis added.)
*127 The rule was stated in Nationwide Finance Company of Gretna, Inc. v. Pitre, 243 So.2d 326 (La.App. 4 Cir. 1971), as follows:
"For ratification of an unauthorized act, the facts must indicate a clear and absolute intent to ratify the act, and no intent will be inferred when the alleged ratification can be explained otherwise."
The evidence in the instant suit shows that Mr. Veuleman disapproved of the purchase of this automobile from the outset. He did not participate in any of the negotiations which led up to or which culminated in that purchase. He has made no payments on the purchase price of the car, and he has never acknowledged or promised to pay any part of the debt contracted by his wife. The evidence does not show that either Mr. Veuleman or Mrs. Veuleman ever used the automobile, or that the car was ever used for a community purpose. There thus is no evidence which might tend to establish that Mr. Veuleman has ever approved of or ratified the purchase of this car.
We do not interpret the holding in Montgomery v. Gremillion, supra, to be that in every instance the husband is liable if he remains silent or if he fails to "repudiate" the debt at the time it is incurred. In that case, the wife had purchased some furniture and had traded in her old furniture for it. The husband knew of the entire transaction, and after the furniture was delivered to his home, the court observed that "he used it, slept on the beds, ate off the table, sat on the chairs, etc., and continued to do this for many months or possibly even years, without any protest or warning to plaintiffs that he was not bound or did not intend to be bound on his wife's contract." We agree with our brothers of the Second Circuit Court of Appeal, that under those circumstances the husband's silence, coupled with the use of the furniture for such a long period of time, constituted a clear and unequivocal ratification of the debt contracted by his wife. No such circumstances exist in the instant suit.
In Nationwide Finance Company of Gretna Inc. v. Pitre, supra, the Fourth Circuit Court of Appeal held that a note signed by the wife did not obligate the community, although the husband made several payments on that note, believing that he was legally obligated to pay it. The court observed that "in making payments on the account, Mr. Pitre clearly did not intend to be bound on the note, and was only paying part of each payment to help his wife."
The trial judge held that Mr. Veuleman was liable because he had not borne "the burden of overcoming this presumption (that the obligation was a community debt) by the conclusive proof of this being a separate obligation of Mrs. Veuleman." We think the court erred in finding that the burden of proof was on the defendant husband to establish that this was not a community debt, and in ruling that the husband is liable unless he produces "conclusive proof of this being a separate obligation of Mrs. Veuleman." We believe that upon a showing that the debt was contracted solely by the wife, the burden of proof shifted to plaintiff to show that the husband later ratified that debt, either expressly or impliedly, and that he thus committed the community to pay it. We feel that the mere silence of the husband, or his failure to repudiate the contract under the circumstances presented here, is not sufficient to show that he ratified the purchase or the debt incurred by his wife. In our opinion, the evidence does not establish that Mr. Veuleman has "clearly and unequivocably" ratified the indebtedness sued upon here.
Our conclusion is that the trial court erred in holding that Mr. Veuleman is liable for the indebtedness incurred by his wife. Since plaintiff has not appealed, the question of whether the trial court erred in dismissing the suit as to Mrs. Veuleman is not before us.
*128 The judgment appealed from is reversed insofar as it condemns defendant, Johnny Veuleman, to pay the amount claimed, and insofar as it maintains the writ of sequestration issued herein and recognizes a lien and privilege on the automobile. Judgment is hereby rendered in favor of defendant, Johnny Veuleman, dismissing this suit as to that defendant, at plaintiff's costs. The costs of this appeal are assessed to plaintiff-appellee.
Reversed.
FRUGE J., dissents. I believe the trial judge to be correct.