DENNIS, Judge.
This is a suit by a retail jewelry firm for the collection of an open account resulting from the sale and mounting of a diamond which defendant received as a gift from his wife. The trial court rendered judgment for plaintiff in the amount of $1,601.86, with legal interest from judicial demand, and we affirm.
The material facts are undisputed. Defendant’s wife, from whom he was estranged but not judicially separated, purchased from plaintiff a diamond to be mounted in defendant’s class ring. Plaintiff agreed to charge the cost of the jewel and the work to Mrs. Saucier’s account, because she wished to surprise her husband with a gift. When the work was finished, she presented the ring to her husband. Mr. Saucier accepted it, but shortly afterward filed suit against his wife for separation. Later, plaintiff requested payment from him, and defendant caused a corporation of which he was president to make three payments totaling $300 on the account. At the trial, defendant testified that he had pledged the ring as security for a $5,000 loan and did not have it in his possession. Before the suit was filed Mr. Saucier made no effort to notify his wife or the plaintiff that he objected to the transaction or that he did not intend to pay for the diamond and the mounting.
Both parties contend that the governing principles of law for this case were set forth in Watson v. Veuleman, 260 So.2d 123 (La.App., 3d Cir. 1972), as follows:
“Article 2404 of the Louisiana Civil Code provides that the husband is the head and master of the community. Ordinarily he alone, and not his wife, may obligate the community. Several exceptions to this general rule have been established, however, under which the community may become obligated for debts contracted by the wife. The only such exceptions which merit consideration here are: (1) When the debt is incurred by the wife under the husband’s obligation to supply necessaries; (2) when the wife is an agent of the community; and (3) when the obligation is ratified by the husband. . . . ” Id. p. 126.
The Watson v. Veuleman opinion and others have been criticized for incorrectly implying either that the community of ac-quets and gains is a juridical person or entity for which the wife may act as agent or that the husband may become responsible for a debt by ratifying an act of the wife not contracted originally on his behalf or in his interest, Pascal, Work of the La. Appellate Courts, 1972-73 Term, 33 La. L.Rev. 219, 221 (1973); Pascal, Work of the La. Appellate Courts, 1970-71 Term, 32 La.L.Rev. 219, 226 (1972). Cf., Creech v. Capitol Mack, Inc., La., 287 So.2d 497 (1973).
Nevertheless, these divergent authorities appear to agree on the proposition that a debt contracted by a wife for the personal benefit of her husband may be ratified by him. In view of the basic principles of mandate, this conclusion would seem to follow. Article 3010 of the Civil *673 Code provides that a principal may ratify the unauthorized acts of his agent:
“The attorney can not go beyond the limits of his procuration; whatever he does exceeding his power is null and void with regard to the principal, unless ratified by the latter, and the attorney is bound by it in his individual capacity.”
In elaborating upon the Code articles pertaining to ratification, the Third Circuit Court of Appeal, in LeDoux v. Old Republic Life Insurance Company, La.App., 233 So.2d 731, 736 (1970), stated:
“The doctrine of ratification is firmly established in our civil law, LSA-C.C. Articles 1840 and 3010; Planiol Vol. 2, Section 2255. Many cases in our jurisprudence hold that the unauthorized contract of the agent is ratified by the principal who, with knowledge of such contract, does not repudiate it within a reasonable time but instead accepts and retains the benefits. . . . ” (Citing authorities)
Applying these principles to the instant case, we conclude that Mr. Saucier ratified his wife’s contract to purchase and mount the diamond in his class ring. There is a dispute as to whether he knew of her plans beforehand, but he undoubtedly knew of the purchase after accepting the gift. By his own admission, rather than repudiating the debt, Mr. Saucier had his corporation make partial payments on the account. He personally used the ring and later pledged it to obtain a loan for his benefit. Thus, his acts clearly distinguish this case from those in which the husbands timely repudiated the contract, refused to accept its benefits, and thereby avoided ratification of the wife’s unauthorized act. Watson v. Veuleman, supra; Nationwide Finance Company of Gretna, Inc. v. Pitre, 243 So.2d 326 (La.App., 4th Cir. 1971).
For the foregoing reasons, the judgment below is affirmed at the cost of appellant.
Affirmed.