338 So.2d 183 (1976)
ALPHONSE BRENNER COMPANY, INC., Plaintiff-Appellee,
v.
Leroy PHILLIPS, Defendant-Appellant.
No. 13020.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1976.
Rehearing Denied, November 1, 1976.
*184 Eugene J. Coen, Shreveport, for defendant-appellant.
Cook, Clark, Egan, Yancey & King by Stephen R. Yancey, Shreveport, for plaintiff-appellee.
*185 Before BOLIN, HALL and MARVIN, JJ.
En Banc. Rehearing Denied, November 1, 1976.
BOLIN, Judge.
The issue in this case is whether or not a husband is liable for all or any portion of the balance owed to a furniture company for purchases made by his wife during the marriage. The lower court rendered judgment in favor of the furniture company against the husband for the entire amount. We amend the judgment so as to reduce the award.
While defendant and Joyce Phillips were married and living together Joyce opened a revolving charge account with plaintiff in 1970. Although only the wife signed the application for credit, this form reflected she was married to defendant. The wife bought furniture from plaintiff on five different occasions from the date the account was opened until 1975. During this same period the store carried the account in the name of Mrs. Joyce Phillips, rendered statements addressed to her, and received regular payments from her. The husband made no purchases or payments and never promised to pay any of the debt.
The furniture bought before 1975 was placed in the family home and used by both defendant and his wife. He made no objections to the purchases made by his wife and the community enjoyed the benefit and use of the items purchased. The husband's actions constituted consent and ratification and, even assuming these items were not necessaries, the husband is liable for this portion of the debt. Montgomery v. Gremillion, 69 So.2d 618 (La.App.2d Cir., 1953) and cases cited therein.
On August 15, 1975, the wife bought four items the cost of which totaled $837.80. The delivery sheet shows the wife's address to be different from the family home and testimony of other witnesses indicates the address was that of the wife's mother. This sheet, which contained no information that the wife had purchased the goods on credit, stated the furniture would be called for in about two weeks. On August 29, defendant picked up this furniture, signed the delivery sheet, and delivered the furniture to his wife at her mother's address. This was the only contact between the company and defendant. The furniture remained in the original crate until taken by the wife to Dallas, Texas. Defendant testified without contradiction that he and his wife were living separate and apart on the day he picked up this furniture and that he made the delivery only as a favor to his wife.
The evidence is unconstradicted that none of the items purchased in August, 1975 were things which the husband is required to furnish his wife for the convenience of life as provided in Louisiana Civil Code Article 120.
Under Article 2404 of the Louisiana Civil Code the husband is the head and master of the community and ordinarily he is the only one who may obligate the community. Two exceptions to this rule are, (1) when the wife acts as an agent of the community, and (2) when the obligation is ratified by the husband. (Montgomery v. Gremillion, supra). It is contended the husband ratified the August 15 purchase by picking up the crated furniture and signing the delivery ticket. This evidence is not sufficient to warrant a finding the husband ratified his wife's purchases.
The furniture company contends the husband's actions in allowing the wife to make purchases on behalf of the community for a period of several years constituted her the agent of the community. In this case we find this conclusion is unjustified. As previously stated, all of the transactions were between the furniture company and defendant's wife. There is no evidence the company knew the husband used any of the furniture. With the possible exception of signing for and picking up the furniture in 1975, the husband never did anything that would lead plaintiff to believe he was holding his wife out as agent for the community. There is no evidence this one act in any way influenced plaintiff to extend the wife credit as an agent for the community. This case is factually different from Alphonse *186 Brenner Co., Inc. v. Dickerson, 283 So.2d 849 (La.App.2d Cir., 1973).
We find the wife had no authority, either express or implied, to bind the community in making the purchase in August, 1975. Watson v. Veuleman, 260 So.2d 123 (La. App. 3d Cir., 1972).
The judgment is amended by deducting $837.80 from the total award. It is further amended to delete the vendor's privilege on the furniture listed in items (h) through (k) of the judgment.
As thus amended the judgment is affirmed. Cost of this appeal is assessed against the plaintiff.