## No. 9875.

### LOUIS BREAUX VS. ESTIVAL SARVOIE, ET ALS.

To execute voluntarily, under Article 2272 R. C. C., is to execute with the intention to confirm or ratify.

The act from which confirmation or ratification is sought to be deduced, must evince such intention clearly and unequivocally. None will be inferred when the act can be otherwise explained.

In cases of doubt, the party to whom the act is opposed must have the benefit of the doubt.

A purchaser who pays interest on a note of his vendor, in the hands of a *third* person, assumed by him as part of the price of the lands bought, and which he had bound himself *before* the sale to pay to such person—cannot be treated as one voluntarily executing an obligation, so as to deprive him of the right to prosecute a suit previously instituted by him against his vendors to rescind the sale.

APPEAL from the Twentieth District Court, Parish of Lafourche. *Beattie*, J.

*O'Sullivan & Blake,* for Plaintiff and Appellant.

The seller is bound to deliver and warrant thing sold. O C. 2475, 2476, 2482, 2511; 3 L. 396; 6 R 506; 3 Ann. 327; 16 L. 185; 24 Ann. 198.

Under C. C., Art. 2272: " *    *    *    The confirmation, ratification, or voluntary execution in due form    *    *    *    involves a renunciation of the means and exceptions that might be opposed to the act,    *    *    " The intention must be to ratify by the voluntary execution. 171 L. 286.

The acts of a party from which the ratification of a contract is sought to be deduced must evince clearly and unequivocally his intention to ratify. 21 Ann. 593; 30 Ann. 1290.

| | |
|---|---|
| 39 | 24̄3̄ |
| 46 | 749 |
| 39 | 243 |
| 49 | 1343 |
| 39 | 243 |
| 105 | 369 |
| 39 | 243 |
| 111 | 679 |
| 111 | 685 |
| 39 | 24̄3̄ |
| 114 | 211 |
| 39 | 243 |
| f120 | 33 |
| 120 | 46 |

Breaux vs. Sarvoie et als.

All the acts of the plaintiff can be accounted for without a ratification of the sale necessarily resulting from them. 13 Ann. 176.

*L. P. Caillouet* and *Knobloch, Moore & Badeaux,* for Defendant and Appellees :

1. The voluntary execution of a contract, with the full knowledge of the grounds upon which it might be rescinded, amounts to a tacit ratification of it, and involves a renunciation of the means and exceptions which might have been opposed to it. C. C. 2272 ; 5 R. 354 ; 6 R 443 ; 4 Ann. 148 ; 2 R. 1 ; 13 La. 175 ; 10 M. 726.

2. Nor does it make any difference if the voluntary execution be only partial. 2 R. 1 ; 4 Ann. 148 ; Duranton, vol. 4, No. 280 ; Larombière, vol. 4, p. 632, sec. 43.

3. The purchaser who voluntarily pays a part of the price, with full knowledge of the defects for which the sale might be rescinded, ratified the contract thereby. Larombière vol. 4, p. 633 ; Toullier, vol. 8, No. 503 ; Duranton, vol. 4, No. 278 ; 6 Ann. 53 ; 4 La. 238 ; 31 Ann. 833.

4. One cannot do an act which he is at liberty to abstain from, and claim immunity from its legal consequences. 18 Ann. 59.

5. Error of law is not presumed. He, who relies on it, must prove it to a certainty, and if there be any doubt left, his adversary must have the benefit of it. 4 R. 145 ; Larombière, vol 4 p. 630, sec. 38

6. A contract entered into, or payment made, to avoid litigation, cannot be rescinded. C. C. 1846, 5 La. 113 ; 4 R. 207.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action for the rescission of a sale of real estate, on the ground of deficiency in the quantity of the lands sold and those delivered.

It is brought against the vendors and also against parties claiming the deficient lands, as their property.

The vendors filed a plea of ratification, which was sustained.

From that judgment the plaintiff appeals.

The evidence shows that, prior to purchasing the real estate, the plaintiff went to a party who held a vendor's note secured on the property, and obtained from him, in the event of a purchase, that he would allow time—three years—provided the annual interest was paid punctually. On that promise, the plaintiff bought the lands, paying part of the price cash, issuing his notes for another portion and assuming the note then in the hands of the third party, which note had been issued by plaintiff's vendors, and was secured by privilege on the property.

Subsequently, on the allegation that there was a deficiency in the lands sold and those delivered, which lands were in the possession of named persons, who claimed ownership—the plaintiff brought the present suit to rescind the sale.

After the institution of the suit, plaintiff went to the holder of the assumed note and paid him the interest on it.

Aware of that circumstance, the defendants, who are plaintiff's vendors, filed a peremptory plea of *voluntary* ratification of the sale as made and executed and of abandonment of the suit to rescind.

The question presented is therefore: Whether the payment of the interest by plaintiff, on the assumed note, in the hands of the *third* party, does or not operate such ratification and abandonment.

The Code (Art. 2272, § 2), declares that, in default of an act of confirmation or ratification, it is sufficient that the obligation be voluntarily executed, and that this involves a renunciation of the means and exceptions that might be opposed to the act.

We have given the question most serious attention, as the case now presented is without any formal precedent in our jurisprudence.

We have extended our researches to the French law and adjudications, as our article is taken from the French Code; besides examining the authorities to which counsel have referred on both sides.

We have the satisfaction of having reached the conclusion that the payment made by the plaintiff to the *third* party, is not a voluntary ratification of the sale, as executed, and is no bar to the further prosecution of this suit.

It is apparent, at the very threshold, that the plaintiff, when he purchased the property, assuming the note in question which was then in the hands of a *third* person, not party to the act, made himself liable *personally* for the payment of the note, and that the holder of it could, at maturity, in the absence or failure of payment of the interest, as agreed on, have proceeded directly against the plaintiff.

Delisle vs. Succession of Moss, 34 Ann. 164.

The authorities to which counsel for exceptors have referred, do not appear to have any special application to the case at bar, in which the question of ratification or confirmation does not arise on an act done between vendor and vendee, *the parties interested;* but in which the act done by the purchaser charged as being an estoppel, was executed in favor of a *third* person, in furtherance of an obligation contracted, in his favor, *anterior* to the purchase.

It is true that this obligation was suspended until the purchase had taken place, but it acquired binding force and effect, it became final, when the purchase was consummated.

After a full and scientific review of what amounts to a *voluntary* ratification or confirmation, and a discrimination between them, Laurent, in the light of the textual provisions of the Code of France, of the decisions of courts of that country and of the opinions of commentators on the French law, cites a case stronger than that now un-

der consideration, and reaches the conclusion that it does not amount to a voluntary ratification or confirmation.

"L'acheteur, says he, donne en payement du prix, des billets à ordre ; le vendeur les endosse au profit d'un tiers. Si l'acheteur paie le billet, dira-t'on qu'il exécute *volontairement* la vente ? *Non*, car il est obligé de payer le billet, à son échéance au tiers porteur. C'est donc une exécution qui n'implique pas la volonté de renoncer à ses droits. Cela est certain \* \* \* L'exécution matérielle ne suffit pas, il faut *l'intention*, c'est-a-dire, un fait qui révèle l'intention de celui qui l'exécute et une intention certaine, car les renonciations ne se présument pas, c'est au juge à distinguer le fait intentionnel du fait matériel." 18, No. 623, p. 634.

He also says :

"On dit encore que l'exécution n'est pas volontaire et par suite, ne vaut pas confirmation, quand le débiteur a exécuté pour arrêter les poursuites du créancier." Ib. No. 622, sec. 2, p. 633.

After considering the article of the French code of which ours is a copy, he says :

"Exécuter volontairement, c'est donc exécuter avec l'intention de confirmer." Ib. No. 621, end of session paragraph, 622-3.

Duranton supposes a similar case, aggravated by the circumstance of a sale on credit made on fraudulent representations, in which payment to a *third* person is made after the discovery of the fraud.

"Il ne résulte pas, says he, de ce paiement une approbation tacite et volontaire de l'acte, car il (le débiteur des billets) est obligé de les payer au porteur à échéance, sauf son recours contre celui qui l'a trompé. Vol. 13, p. 296, No. 282, § 1.

Larombière says that, as the acts from which confirmation or ratification is sought to be deduced, have no value otherwise than as *indicia* of the intention on the part of him from whom they emanate, that intention can be inferred only from a voluntary execution, which must be enlightened, reasoned, and exempt from all error. Vol. 4, p. 625, No. 35, § 3. A simple demand for time to pay, or an offer to which has not been accepted, and which could be withdrawn, cannot be considered as acts constituting a voluntary ratification. Ib., p. 634, No. 45.

Zacharie, after saying that the voluntary execution must rest on unequivocal facts, concludes that, in case of doubt, the act is not to be deemed ratified. Vol. 2, No. 421, p. 384.

As to the character of the fact or act invoked as a confirmation or ratification, the jurisprudence of this State, gathered from the following authorities, is to the same effect, namely : that the acts from which

the ratification of a contract is sought to be deduced, must evince such intention clearly and unequivocally.

None will be inferred where those acts can be otherwise explained. Rivas vs. Bernard, 13 L. 175; Bennett vs. Bennett, 12 Ann. 254; Copeland vs. Miskie, 12 La. 293; 11 M. 615; 3 Ann. 230; 15 Ann. 569.

We deem it unnecessary to quote from those decisions, as the facts are not identical, but simply kindred, to those presented in the present controversy. The propositions of law announced may be considered as general in terms, though applicable to a considerable extent to the contentions now before us.

Looking into the facts, not only do we not find in the act charged, an act voluntarily done; that is, an act which the plaintiff could with certain impunity to himself have omitted doing, but also do we find, his formal declaration, when on the witness stand, showing what his intention was at the time that he paid the interest. On that subject, he says, that he paid the interest, because he thought he was in honor bound, in consequence of his agreement to do so, with the holder of the note, and feared a law-suit.

We therefore conclude that the plaintiff has not done a voluntary act, from which it can be legally inferred that he intended to confirm the sale as executed, and to abandon the suit brought to rescind it.

The plaintiff has argued orally and in brief that an exception of no cause of action filed by the defendants had been properly overruled.

The merits or demerits of that defense is not before us in this appeal, and cannot be considered.

It is therefore ordered and decreed that the judgment appealed from be reversed, that the plea set up as an estoppel to the further prosecution of this suit be overruled; and it is further ordered and decreed that this case be remanded to the lower court, to be further proceeded with according to law, and that defendants pay costs of appeal in both courts.