veyed of incumbrances, including cost of certificate.

It is further ordered, adjudged, and decreed that the sale from Mrs. Eleanor M. Drouet to Harry W. Allen, codefendant herein, of date January 14, 1915, and recorded January 15, 1915, in Conveyance Book 69, p. 134, of the office of the recorder of Rapides parish, La., be, and the same is hereby, declared illegal, null, and void and of no effect, and the inscription thereof be canceled on the records of said parish in so far as said sale affects the property involved in this suit, and subject to said option.

It is further ordered, adjudged, and decreed that the sale from Harry W. Allen, codefendant, to the Home Place Land Company, codefendant herein, of date May 12, 1916, and recorded May 23, 1916, in Conveyance Book 73, p. 565, of the office of the recorder of Rapides parish, La., be, and the same is hereby, decreed to be illegal, null, and void and of no effect, and that the inscription thereof be canceled on the records of said parish, in so far as the said sale affects the property involved in this suit and subject to said option; appellees to pay costs of appeal and of the lower court.

OVERTON, J., recused.

---

(90 South. 373)

No. 24692.

YOUNG v. ELLIS et al.

In re ELLIS.

(Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

1. Principal and agent ⟣171(2)—Mandate; owner of property mortgaged without authority not estopped to contest mortgage though money used for her benefit.

That money for which a chattel mortgage was given without authority from the owner of the property was used for the benefit of the latter and her plantation did not estop her from contesting the mortgage where such money could only have been used before the mortgage was given.

2. Principal and agent ⟣170(3)—Mandate; unauthorized mortgage not ratified by owner's silence.

As owner of chattels on which a mortgage was given by her son without her authority, required by Civ. Code, art. 2997, to be express, did not ratify such mortgage by not contesting it as soon as she learned of its having been given, she being under no legal obligation to do so, and mortgagee's position not being made worse by her silence.

Certiorari to Court of Appeal, Parish of East Feliciana.

Action by H. M. Young, Jr., against A. M. Ellis, in which Mrs. M. S. Ellis filed a third opposition. From a judgment of the Court of Appeal rejecting the third opposition, third opponent applies for certiorari or writ of review. Judgment set aside, and judgment of district court sustaining third opposition reinstated, and made judgment of Supreme Court.

R. F. Walker, of Clinton, and J. Y. Sanders, Jr., of Baton Rouge, for applicant.

Kilbourne & Kilbourne, of Clinton, for respondent.

PROVOSTY, J. Plaintiff having caused certain horses and mules and horned cattle to be seized in foreclosure of a chattel mortgage given by the defendant A. M. Ellis, the mother of A. M. Ellis filed a third opposition, claiming that the horses and mules belonged to her, and that her son had mortgaged them without authority.

Plaintiff contends that the son had implied authority, and that, moreover, the third opponent, by her conduct after the mortgage had been given, estopped herself from contesting the mortgage.

This implied authority is said to have resulted from the fact that the matter of the giving of the mortgage was discussed at dif-

ferent times in the presence of third opponent, so that she must have known of her son's design to give it. And the estoppel is said to result from the fact that the money for which the mortgage was given was used for the benefit of third opponent and of her plantation.

Opponent denies having had the knowledge thus imputed to her, and we doubt that she had. The discussions in question took place on the occasion of the plaintiff having come to the house of opponent to take some cattle which the defendant, who lived with opponent, his mother, had sold him, and in connection with the repurchase of the cattle by the son, and they culminated in this resale being made, and this mortgage given. A $600 profit was allowed plaintiff, and a cash payment of $500 was made. This $500 was furnished by another son of opponent.

[1] All we need say of the alleged estoppel is that, if any money was used for opponent's benefit or that of her plantation, it could only have been before the mortgage was given, and hence could not possibly serve to estop opponent from contesting the mortgage.

The case is here on writ of review to the Court of Appeal.

[2] Our Brethren recognized that the mandate for the giving of a mortgage must be express (C. C. art. 2997), and yet sanctioned this mortgage, although there is no pretense of the authority to give it (if any at all there was, and we believe there was none) having been express. The young men, sons of opponent, were in the habit of acting for her in the management of her business, and, for all that appears, simply assumed that the giving of this mortgage was within their authority.

In the case of Mangum v. Bell, 20 La. Ann. 215, cited by our Brethren, the authority to the agent had been express.

Our Brethren also thought that opponent had ratified the giving of this mortgage by not contesting it as soon as she learned of its having been given. There was no legal obligation on her part to do so, and, moreover, plaintiff's position was in no way made worse by her silence.

The judgment rejecting the third opposition of opponent is therefore set aside, and the judgment of the district court maintaining same is reinstated and made the judgment of this court. The costs of this court to be paid by plaintiff.