[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 696 
On May 13, 1913, the Myrtle Grove Planting Company mortgaged a certain plantation to the Interstate Banking Company for $375,000.
On September 18, 1916, the Deer Range Planting Company purchased said plantation, subject to said mortgage.
On June 22, 1917, the Deer Range Planting Company leased part of said plantation to the defendant [or their authors].
Thereafter the Deer Range Planting Company was adjudged a bankrupt; and on February 23, 1917, said plantation was sold by order of the bankruptcy court [United States District Court, Eastern District of La.] to satisfy the mortgage aforesaid and other claims against the bankrupt estate. *Page 697 
At which said sale the plaintiffs [or their authors] became the purchasers, free from all liens [according to the order of sale], except those in favor of the Federal Land Bank of New Orleans [Farm Loan, if any]; of the state and all political subdivisions thereof, for taxes; and of the holders of the certificates issued by the trustee in bankruptcy.
On March 12, 1925, plaintiffs brought this suit to eject defendants from the land.
 I.
There are three defenses urged, to wit: (1) That the state court is without jurisdiction in the premises; (2) that the sale by the bankruptcy court was invalid, for want of notice thereof having been given to defendants; and (3) that plaintiffs have ratified the lease under which defendants hold.
 II.
We think the state court had jurisdiction. It is true that plaintiffs might have applied to the bankruptcy court to put them forthwith into possession of the property purchased. But we see no reason why plaintiffs, if so minded, and for reasons satisfactory to themselves [presumably in the hope of entering into some satisfactory arrangement with defendants], could not waive their right to obtain immediate and full possession of the property purchased, and sue for possession thereof in any court of competent jurisdiction. This was taken for granted in Robertson v. Howard, 33 S. Ct. 854, 229 U.S. 254, 57 L. Ed. 1174; and since the question is one of jurisdiction over thesubject-matter (ratione materiæ), it would doubtless have been noticed by the Supreme Court, had there been any substance to it; as we also would have noticed it in an analogous case which lately came before us. Exchange Nat. Bank v. Head; see infra, paragraph III, in fine. *Page 698 
 III.
Under section 58 of the Bankrupt Act of 1898, as amended by the Act of June 25, 1910 (U.S. Comp. St. § 9642), all creditors of the bankrupt estate shall have at least 10 days' notice of all proposed sales of property of the bankrupt.
If defendants were not, under the circumstances above recited, "creditors" of the bankrupt estate, then they were not entitled to the notice above mentioned.
If, however, defendants were, under the circumstances above recited, "creditors" of the bankrupt estate, then they were entitled to the notice aforesaid.
But the Bankruptcy Act nowhere declares that a sale of the bankrupt's property shall be null, should one or more of the creditors not be notified thereof as above provided. And in Robertson v. Howard, supra, the Supreme Court of the United States held that a sale of the bankrupt's property, under an order of the bankruptcy court, could not be annulled for mere informalities, where no injury had been shown; and no possible injury could have resulted to defendant by the sale of the bankrupt's property, since defendant had taken its lease with notice, of record, that the leased premises were mortgaged, and hence could be sold to satisfy that mortgage regardless of the lease to defendant.
Moreover, in Robertson v. Howard, supra, it was held that a sale of the bankrupt's property, under order of the bankruptcy court, could not be collaterally attacked.
For the rest, we held in Exchange National Bank v. Head, 99 So. 272, 155 La. 310, that a sale of the bankrupt's property, by the bankruptcy court, to satisfy a mortgage of superior rank, extinguished an oil lease inferior in rank to the mortgage which the land was sold to satisfy. And the holding in that case was unquestionably correct, although the writer hereof dissented at the time [under some misapprehension of the *Page 699 
case, which need not be considered now]. See, also, R.C.C. 3397, No. 1.
 IV.
As to the alleged ratification of defendant's lease by plaintiffs, that involves only a question of fact, dependent only on the correct application of a few well-settled principles of law. And the able and learned district judge has so well set forth the law and the facts, in the exhaustive opinion handed down by him, that we adopt it as our own. It is as follows, to wit:
 Opinion of the District Judge.