## LACAZE v. KELSOE.

### No. 5858.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 10, 1939.

Camden K. Staples, of Alexandria, for appellant.

Harry Fuller, of Winnfield, for appellee.

TALIAFERRO, Judge.

The question tendered for decision herein is whether or not, for the reasons alleged by plaintiff, defendant may be held responsible for the price of chattels admittedly purchased by his wife for her own account, without the husband's authority or consent.

Plaintiff's salesman installed in defendant's home, ostensibly for demonstration purposes only, during his absence, a Norge refrigerator and a Delco radio. A few days later, also while defendant was absent, the salesman returned and closed a sale of the chattels to the wife. At the insistence of the salesman, she signed her husband's name to the note representing the purchase price and carrying charges, and also to the mortgage securing the same. At that time the wife was employed at a salary from which she expected to meet the monthly payments stipulated in the note. She soon lost her job and no payments whatever were made by her. This suit was instituted on the note and mortgage.

Plaintiff alleges that defendant is personally responsible for payment of the note for these two reasons, viz.;

1. That said chattels were necessary for the convenience of the wife which he was legally obligated to furnish her under article 120 of the Revised Civil Code.

2. That by allowing the chattels to remain in his home and by using them; by not advising plaintiff that his wife was not authorized by him to purchase the chattels; by not advising plaintiff that he did not want nor would he pay for same; and by not returning the property to plaintiff, defendant has ratified and confirmed the purchase in his name and bound himself to its terms and conditions.

Defendant denies each and every allegation of the petition, the proof of which is necessary to hold him liable to plaintiff.

Plaintiff's demands were rejected and he appealed.

■ The first of the two reasons assigned to hold defendant responsible has evidently been abandoned. It is not urged here. We find no merit in it. Defendant already owned a radio and an ice box which, to a satisfactory extent, had served the needs and convenience of himself and family.

■ We are of the opinion that the second reason relied upon by plaintiff is not well founded. It is true, as alleged, that defendant did not remove or order or request plaintiff to remove the chattels from his home. There was no obligation on his part to return the chattels to plaintiff. They had been installed for demonstration purposes without his request or consent. Doubtless the salesman opined that once the chattels were left in the house, the chance for a sale would be enhanced. The same sort of use was made of them by defendant's wife subsequent to the sale as was done prior thereto. Defendant's position simply was that if plaintiff was willing to sell the property to his wife and risk her ability to pay for it, he should not worry. He informed the salesman before the chattels were put in his home that he did not wish to purchase them for the valid reason that he would have to neglect other financial obligations to pay for them. He owed past due debts. He told this same salesman, when demand was made on him for payment of the first installment due, that he would not and could not make any payment on the note. Beyond the fact that he allowed the chattels to remain in his home, there is no semblance of a ratification of the acts of his wife; and in view of the manner in which the chattels were delivered into his home and the avowed purposes thereof, we do not think that by allowing them to remain therein after the sale can, by any rule of interpretation, be construed into a ratification of the wife's acts. He has, in no sense, in whole or part, voluntarily executed the contract of his wife, made in his name.

"In default of an act of confirmation or ratification, it is sufficient that the obligation be voluntarily executed, * * *." Revised Civil Code, article 2272.

"To execute voluntarily under article 2272, Rev.Civil Code, is to execute with the intention to confirm or ratify. The act from which confirmation or ratification is sought to be deduced must evince such intention clearly and unequivocally. None will be inferred where the act can be otherwise explained. In cases of doubt, the party to whom the act is opposed must have the benefit of the doubt." Breaux v. Sarvoie et al., 39 La.Ann. 243, 1 So. 614.

■ "The ratification of a contract can only be deduced from facts, when those facts evince clearly, and absolutely, the intention to ratify." Hamilton et al. v. Nellie Hodges, Tutrix et al., 30 La.Ann. 1290; Copeland v. Mickie et al., 17 La. 286, 293; Rivas' Heirs v. Bernard, 13 La. 159, 175.

The legal principles announced in the cited cases have been strictly adhered to by the courts to the present time. Foster & Glassell Co. v. Harrison, 173 La. 550, 555; 138 So. 99; International Accountants Society v. Santana, 166 La. 671, 117 So. 768, 59 A.L.R. 276; Celeste Sugar Co. v. Dunbar-Dukate Co., 160 La. 694, 107 So. 493.

Applying these well established principles to the case at bar, we experience no difficulty in deciding that the attitude, active and passive, of defendant towards the sale to his wife, cannot be viewed, to any extent, as a ratification thereof. Every positive act of his concerning the matter reflects unmistakably an intention not to commit himself to liability on that account. In addition to all this, the record leaves little or no doubt in our minds that plaintiff originally looked to the wife only for payment of the note. Six months after the date of sale, she offered to pay the past due installments, with the ultimate aim of finally paying the note in its entirety. The offer was refused. Plaintiff preferred to avail himself of the accelerating clause in the note.

We find no error in the judgment appealed from and it is hereby affirmed with costs.