McCALEB, Justice.
 

 The widow and heirs of Louis R. Derouen
 
 [1]
 
 brought this suit to recover sums allegedly due under an insurance contract whereby the defendant, The Prudential Insurance Company of America,
 
 [2]
 
 agreed to pay the balance due on a chattel mortgage on an automobile purchased by decedent, in the event of his death.
 

 In their original and supplemental petitions plaintiffs allege that Mr. Derouen purchased a Chevrolet automobile from Veillon Motor Company of Ville Platte, Louisiana on August 12, 1957 as a graduation gift for his then minor daughter, Ann Louis Derouen; that he made the down payment and assumed all subsequent payments on the car; that title was placed in the name of Ann, then a minor of 20 years and 10 months; that, in conjunction with the sale, a chattel mortgage was executed which contained a provision insuring the life of the mortgagor, Louis R. Derouen; that, although Ann’s name appeared as a co-mortgagor, she was not present and did not sign the chattel mortgage, her signature being placed thereon by her father; that, since Miss Derouen was a minor at the time and did not sign her name, she was not a party to the sale and chattel mortgage and that, as a matter of fact, the only purchaser and mortgagor was her father, Louis R. De
 
 *620
 
 remen, whose life was insured under the contract by defendant, Prudential. It was further alleged that Mr. Derouen died on September 2, 1958 and, therefore, Prudential is indebted to his estate in the sum of $1540.08, representing the unpaid balance of the purchase price of the Chevrolet at the time of his death.
 

 Prudential resisted liability. Initially, it filed an exception of no cause of action in which it was alleged that the copy of the sale and chattel mortgage agreement attached to plaintiff’s petition revealed that the insured mortgagor of the automobile was decedent’s daughter, Ann Louis Derouen, since her name appeared first below the following clause:
 

 “In the event this Mortgage is executed by more than one person as Mortgagors, it is understood and agreed that the person upon whose life insurance will be procured 'is and shall be the Mortgagor whose name appears FIRST below.”
 

 This exception was referred to the merits. Prudential then answered, admitting that Miss Derouen was a minor at the time the contract was signed but it alleged that, nevertheless, she was the purchaser and a mortgagor of the automobile and that she was at all times the principal contracting party. It was further averred that, upon the death of her father, Miss Derouen made all monthly payments subsequently falling due and, therefore, ratified the contract she had made while still a-, minor.
 

 After hearing the evidence the trial judge-found for plaintiffs as prayed for, being of the opinion that the decedent was the sole mortgagor and, consequently, covered by the insurance provided by the contract.. On appeal the Court of Appeal, Third Circuit, by a two to one decision reversed, the judgment and dismissed the suit, See Derouen’s Estate v. General Motors Acceptance Corporation, La.App., 150 So.2d. 814. We granted certiorari.
 

 The facts of the case are not in dispute. The evidence, which is not controverted and fully substantiates the allegations of plaintiffs’ petitions, is as. follows:
 

 Mr. Derouen bought the automobile as-a graduation gift for his daughter and assumed all obligation for payments. He made the down payment and continued to make the installment payments under the chattel mortgage until his death occurring over a year after the purchase. The daughter, Ann, was not present at the time of the purchase agreement and her name appearing as co-mortgagor on the chattel mortgage was signed by her father. Title to the car was taken in the name of Ann Derouen and the testimoriy indicates that this was the reason why her father signed her name, together with his own, as a co-purchaser and co-mortgagor. After
 
 *622
 
 her father’s funeral, Miss Derouen went to Veillon Motors and inquired of the sales manager as to whether her father’s life was insured for the unpaid balance. The sales manager telephoned a representative of Prudential who stated that the decedent’s life was not insured because the daughter’s name appeared first as co-mortgagor of the automobile. Thereupon, the sales manager of Veillon Motors informed Miss Derouen that she would be required to make all subsequent payments on the car and she testified that, being fearful that the automobile might be taken away from her by repossession proceedings, she paid the balance of the installments, 24 in number, on their due dates.
 

 Under these facts, the Court of Appeal deduced that Miss Derouen was the insured mortgagor because, by paying the remaining installments on the purchase price of the car, she must be held to have ratified her father’s unauthorized act in signing her name to the chattel mortgage as mortgagor. In arriving at this decision, the court cited Articles 1785 and 2228 of the Civil Code dealing with ratification by minors of contracts made by them and reliance was also placed upon Article 3010 of the Civil Code, which provides that an agent cannot go beyond the limits of his procuration and what he does exceeding his power is null with regard to the principal “ * * * unless ratified by the latter * * * See 150 So.2d at page 816.
 

 We do not believe this result is proper under the facts of the case. In the first place, since the evidence shows that Mr. Derouen signed his daughter’s name to the chattel mortgage without her knowledge and consent, it is exceedingly doubtful that the mortgage clause relied on by Prudential has any application here. That clause, which we have quoted above, has relevance only “ * * * in the event this mortgage is executed by more than one person as Mortgagors * * * So, since it appears that the mortgage was executed by only one person, who was the sole legal obligor under the contract, it is difficult to perceive how the insurance benefits would accrue to one who is not liable to the mortgagee for the payments for which the insurance was procured.
 

 However, in an effort to establish its contention that the plural mortgagor insuring clause controls this case, Prudential pleaded that Miss Derouen, albeit not a legal mortgagor during the life of her father, effectually constituted herself as a co-mortgagor when she paid the installments which otherwise would have fallen due under the chattel mortgage after her father’s death and, thus, impliedly ratified his unauthorized act in signing her name as an obligor under the hypothecary contract.
 

 
 *624
 
 But, notwithstanding the ruling of the Court of Appeal, we entertain considerable uncertainty that this position can be sustained either factually or legally. Primarily, it occurs to us that the basic legal fallacy in the claim of ratification is that there was nothing for Miss Derouen to ratify after her father’s death — for, at that time, the liability of Prudential was fixed as there was only one legal mortgagor under the contract and the death of Mr. Derouen (the legal mortgagor) rendered the insurance he purchased due and exigible.
 

 On the other hand, if it be assumed that ratification could have been effected under the circumstances presented here, it is clear that it did not legally occur under the facts of this case. According to Miss Derouen’s testimony, which is uncontradicted, she made the payments under the belief that if she did not do so the automobile which had been given to her would be repossessed. She cannot be said to have had knowledge of the reason why the insurer refused to recognize its liability. Ratification, to be enforceable, must be a voluntary act when the party charged with ratification is shown to have full knowledge of the facts. See 12 Am.Jur. “Contracts” Sec. 10, p. 508 and Section 449, p. 1030; 17 C.J.S. Contracts § 165b., p. 936.
 

 In International Accountants Society v. Santana, 166 La. 671, 117 So. 768, 59 A.L.R. 276, this Court, after discussing the perLnent Louisiana authorities on the subject of ratification, express or implied, observed:.
 

 “ * * * In either case the intention to ratify by the party against whom the act is opposed must be clearly and unequivocally shown. Celeste Sugar Co. v. Dunbar-Dukate Co., supra (160 La. 694, 107 So. 493); Wells v. Files, 136 La. [126] at page 133, 66 So.. 749; Sims v. Jeter, supra (129 La. 262, 55 So. 877) ; Breaux v. Savoie, 39 La.Ann. 243, 1 So. 614.
 
 No intention to ratify will be inferred when-the act can be otherwise explained.
 
 Sims v. Jeter, supra. And in case of doubt the party against whom ratification or voluntary execution is. claimed
 
 must have the benefit of the doubt.
 
 Succession of Easum, 49 La.Ann. 1345, 22 So. 364.” (Italics and parentheses ours).
 

 See also, in addition to the many cases: cited in the Santana decision wherein pleas of ratification were rejected, Young v. Ellis, 149 La. 1001, 90 So. 373.
 

 The codal articles and jurisprudence-cited by the Court of Appeal in its opinion are not applicable to the case at hand. Articles 1795 and 2228 of the Civil Code,, relating to ratification by minors, deal only with obligations contracted by the minors, themselves during their minority and their
 
 *626
 
 subsequent approval of their voidable contracts after reaching majority. They are without relevance to unauthorized contracts made in their name by another person.
 

 And Article 3010 of the Civil Code is likewise without pertinence here. That provision relates only to ratification by the principal of the unauthorized acts ■of his agent. Mr. Derouen was not his ■daughter’s agent either expressly or impliedly. But, even if he be regarded as an agent, he was assuredly without power to hypothecate the car and bind his daughter — for, the power to buy property for another or to encumber it must be express. See Article 2997 of the Civil Code.
 

 The decision of the Court of Appeal is reversed and the judgment of the district court is now reinstated and affirmed. Defendant is to pay all costs.
 

 [1]
 

 . His daughter, Ann Louis Derouen, and his widow, Mrs. Annie Laurie Ball Derouen, appearing individually and as natural tutrix of her minor children, Martha Jane Derouen and Daniel Ball Derouen.
 

 [2]
 

 . General Motors Acceptance Corporation,mortgagee of the Chevrolet automobile purchased by the decedent was also originally made party defendant to the suit. However, it was dismissed from any responsibility in the lower court and plaintiff’s claim against it has since been abandoned.