197 So.2d 419 (1967)
Joseph J. LaPORTE, Jr. and Joseph Vojtaskovic
v.
CLESI, INC. and Mary Zibilich.
No. 2528.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1967.
*420 Comiskey & Schaff, Val A. Schaff, III, New Orleans, for plaintiffs-appellants.
Zeringer & Zeringer, Harold J. Zeringer, Jr., New Orleans, for defendants-appellees.
Before REGAN, SAMUEL and HALL, JJ.
HALL, Judge.
Joseph J. LaPorte, Jr., as administrator of the estate of his minor son, Joseph J. LaPorte, III, and Joseph Vojtaskovic, as administrator of the estate of his minor daughter, Susan Vojtaskovic, filed this suit in the First City Court for the City of New Orleans seeking to rescind and nullify a contract of sale of real estate signed jointly by said minors and to recover the sum of $480.00 given as a deposit in connection therewith. The defendants are Clesi, Inc., the real estate agents, Mrs. Mary Zibilich, saleslady for Clesi, Inc. and Clesi Development Corporation, owner of the property.
Clesi, Inc., Mrs. Mary Zibilich and Clesi Development Corporation answered and reconvened for damages in the sum of $1,218.00 together with attorney's fees in the sum of $450.00. Clesi Development Corporation additionally reconvened in the further sum of $480.00, the amount of the deposit.
Following trial on the merits judgment was rendered:
a) In favor of the defendants, Clesi, Inc., Mary Zibilich, and Clesi Development Corporation and against the plaintiffs, Joseph J. La.Porte, Jr. and Joseph Vojtaskovic, dismissing plaintiffs' suit at their cost.
b) In favor of the reconvenors, Clesi, Inc., Mary Zibilich and Clesi Development Corporation and against "defendant (sic) in reconvention and plaintiff in original suit" in the full sum of $1,698.00 with legal interest from judicial demand until paid, plus $450.00 attorney's fees, and for costs.
c) In favor of Joseph Vojtaskovic dismissing said reconvenors' demands as to him at their cost.
Subsequent to the filing of this suit, but prior to the trial, the two minors, Joseph J. LaPorte, III, and Susan Vojtaskovic were emancipated by their marriage to each other, and by stipulation Joseph J. La.Porte, III, was "included" as a party plaintiff in the main suit and also as a defendant in reconvention.
Joseph J. La.Porte, Jr. and Joseph J. La-Porte, III, filed a joint appeal. Joseph Vojtaskovic did not appeal.
The facts are not in dispute. Joseph J. LaPorte, III, born on August 17, 1945, and Susan Vojtaskovic, born November 10, 1946, jointly signed an agreement to purchase from Clesi Development Corporation certain real estate situated in the City of New Orleans. The agreement to purchase was negotiated by Mrs. Mary Zibilich, saleslady for Clesi, Inc., real estate agents, and was duly accepted by the owner, Clesi Development Corporation. That contract is dated July 30, 1965. As of that date Joseph J. LaPorte, III, was 19 years of age and Susan Vojtaskovic was 18.
On November 28, 1965 a second contract was entered into between the parties as a substitute for and superseding the contract of July 30th. The two contracts are similar in all respects except as to price and method of financing. The second contract reduced the purchase by $500.00 and provided for Homestead instead of FHA financing as contemplated by the original contract. The second contract was also negotiated by Mrs. Mary Zibilich as sales agent for Clesi, Inc. On the date of its execution Joseph J. La-Porte, III, was 20 years of age and Susan was 19.
At the time of signing the contracts both minors appeared in the office of the real estate corporation alone. Never were they assisted by their parents or anyone else. Mrs. Zibilich never consulted or dealt with *421 anyone but the two minors. She never made any inquiries as to their ages nor did they volunteer any information on that score. The matter of their ages was simply never mentioned.
The minor, Joseph J. LaPorte, III, put up $480.00 out of his own savings as the required deposit on the purchase price. The parents were never asked at any time to loan money or assistance in their capacity to effect a good and valid purchase agreement. As a matter of fact the parents of the two minors had no knowledge of either transaction until a much later date and were entirely ignorant even of the fact that their children, who were engaged to each other, were contemplating buying a home.
The contract of November 28, 1965 was conditioned upon the purchasers being able to obtain a homestead loan on the property involved in a specified amount at a specified interest rate, and in January 1966 Joseph, III, persuaded his parents to sign an application for such a loan from the Third District Homestead Association. The application was signed by Mr. and Mrs. Joseph J. LaPorte, Jr., and the homestead approved a loan to the mother and father. Mr. LaPorte testified that they agreed to apply for the loan only in an attempt to prevent the loss of the deposit, and not to help the children to go through with the contract. Their son, Joseph, was employed and was expected to make the homestead payments.
In March of 1966 Joseph, III, was transferred by his employer at a $60.00 per month reduction in salary making it impossible for him to go through with the contract. He so informed Mrs. Zibilich but Clesi, Inc. refused to release him or to return his deposit. He then consulted an attorney who directed a letter on March 24, 1966 to Mrs. Zibilich informing her of the financial difficulty which existed and also of the fact that Joseph, III, and Susan lacked legal capacity to contract, and demanded the return of the deposit. On March 29, 1966 the attorney notified the homestead that the loan would not be closed.
This suit was filed on April 7, 1966. As of that date Joseph, III, was 20 years of age and Susan was 19. However on April 16, 1966 they were emancipated by their marriage to each other. The suit went to trial on July 12, 1966.
In his "Reasons for Judgment" the Trial Judge referred to the application by Joseph's parents for the homestead loan, and stated: "This act was a ratification of the action of their son and their assent confirmed it. Article 1794 C.C." He referred only to a ratification by Joseph's parents. There is no showing that Susan's parents took any action whatever in the entire matter.
There is no question but that the minors were incapable of entering into either of the two contracts. Such contracts are not included among those which LSA-C.C. Art. 1785 permits minors to make. Following a list of permissible contracts that article states:
"In all other cases, the minor is incapacitated from contracting, but his contracts may be rendered valid by ratification, either express or implied * * *"
LSA-C.C. Art. 1794 referred to by the Trial Judge reads:
"A person who, being ignorant of the incapacity of one unable to contract, shall make an agreement with such person, may, immediately after he has discovered the incapacity, call on the party, if the incapacity has ceased, or on the person having the legal administration of his affairs, if it have not, to confirm or annul the contract; and, if it be a contract of such kind as the administrator might have made, then his assent shall confirm it, or his dissent shall free the contracting party from the obligation on his part. If the assent of a family meeting would have been necessary to authorize the contract, *422 it may be called on the application of the party, and their decision shall have the same effect in confirming or invalidating the contract, that it would have had on its formation." (emphasis supplied)
It is clear that the contract executed by the minors in this case was not "a contract of such kind as the administrator might have made" and required ratification to instill life into it.
Defendants take the position that Mr. LaPorte's action in applying for the homestead loan constituted a ratification of his son's contract. We have some doubt that Mr. LaPorte had any intention of ratifying the contract (see International Accountants Society v. Santana, 166 La. 671, 117 So. 768, 59 A.L.R. 276; Derouen's Estate v. General Motors Acceptance Corporation, 245 La. 615, 159 So.2d 695) but assuming that he had such intent, he possessed only the powers of a tutor (see LSA-C.C.P. Art. 4501) and could neither purchase real estate for account of his son nor ratify such a purchase made by his son without the prior approval of the Court.
If Mr. LaPorte's action in applying for the loan can be regarded as an approval of, or assent to, his son's contract, such action without Court authorization did not constitute a legal ratification. Court authorization was never obtained nor sought and Mr. LaPorte had a right to, and did, withdraw his application and refuse to go through with the loan.
We can not agree with defendants' contention that Mr. LaPorte was obligated to seek Court approval. He had never been requested by defendants to ratify the contract and had never agreed to do so. Mr. LaPorte had never discussed his son's contract with any of the defendants, and as a matter of fact none of the defendants even had any knowledge of his loan application until after his son had repudiated the contract and he had refused the loan. In our opinion there has been no valid ratification of Joseph's contract, and the contract is a nullity.
Defendants reconvened for the amount of the deposit, for the commissions they would have earned had the contract been consummated, and for attorney's fees. They contend that even if the contract is invalidated they are entitled to recover these items on the ground of (a) restitution or reimbursement under the provisions of LSA-C.C. Art. 1793 or (b) as damages ex delicto.
LSA-C.C. Art. 1793 reads as follows:
"if, in a contract with an incapacitated person, or in a contract void for want of form, entered into with anyone for the benefit of such incapacitated person, any consideration be paid or given, and the contract be afterwards invalidated on account of such incapacity or want of form, the consideration so paid or given must be restored, if it was applied to the necessary use or benefit of the incapacitated person." (emphasis supplied)
LSA-C.C. Art. 2229 likewise provides:
"When minors * * * are admitted * * * to the benefit of restitution against their engagements, the reimbursement of what may have been paid, in consequence of those engagements, during minority * * * can not be required of them, unless it be proved that what was paid, accrued to their benefit." (emphasis supplied)
Defendants contend that they are entitled to recover the items of their reconventional demand because these items represent "services performed and funds expended and liabilities undertaken" for the benefit of the minors. We find no merit in this contention. Nothing was paid or given to the minors. They received nothing from defendants which accrued to their benefit.
We likewise find no merit in defendants' contention that they are entitled *423 to the items of their reconventional demand as damages ex delicto. If defendants have been damaged such damages did not arise from any fault on the part of the minors or their parents but from the invalidity of the contract. One who deals with a minor does so at his peril. If defendants have suffered any loss it arose out of a contractual arrangement, and neither the parent nor the minor is liable for damages arising from the minor's contract.
For the foregoing reasons the judgment appealed from is reversed in all respects except insofar as it dismissed the demands of the reconvenors against Joseph Vojtaskovic, and the judgment appealed from is now recast and rendered as follows:
"It is ordered, adjudged and decreed that the contracts entered into by Joseph J. LaPorte, III, and Susan Vojtaskovic with Clesi Development Corporation dated July 30, 1965 and November 28, 1965 respectively are hereby declared to be null and void.
"It is further ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Joseph J. LaPorte, III, and against the defendants, Clesi, Inc., Mrs. Mary Zibilich and Clesi Development Corporation in the full sum of $480.00 representing the deposit together with legal interest thereon from date of judicial demand until paid.
"It is further ordered, adjudged and decreed that there be judgment herein in favor of Joseph J. LaPorte, Jr., Joseph J. LaPorte III, and Joseph Vojtaskovic, defendants in reconvention and against Clesi, Inc., Mrs. Mary Zibilich and Clesi Development Corporation, plaintiffs in reconvention, dismissing the reconventional demand of said plaintiffs in reconvention.
"It is further ordered, adjudged and decreed that defendants-appellees pay all costs of the Trial Court and this Court."
Judgment affirmed in part, reversed in part, recast and rendered.