243 So.2d 326 (1971)
NATIONWIDE FINANCE CO. OF GRETNA, INC.
v.
Betty PITRE, Wife of/and Wayne A. Pitre.
No. 4208.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1971.
*327 Rodney J. Madere, New Orleans, for defendants-appellants.
Caryl H. Vesy, New Orleans, for plaintiff-appellee.
Before CHASEZ, LEMMON and GULOTTA, JJ.
LEMMON, Judge.
This is an appeal from a judgment on a promissory note rendered solely against defendant-appellant, Wayne A. Pitre.
On October 4, 1968 Mrs. Betty Pitre, a co-defendant and then wife of appellant, signed a promissory note in the office of Nationwide Finance Company of Gretna, Inc. She requested and was allowed to take the note to her husband for his signature. However, she forged her husband's signature on the note, without his knowledge or consent, and returned to Nationwide's office where the loan transaction was completed. The balance due by the Pitres on a previous loan with Nationwide was paid off, and Nationwide issued four checks in disbursing the balance of the proceeds of the loan, three payable to Mrs. Wayne A. Pitre and certain alleged creditors of the community.
*328 Five days later, Mrs. Pitre left the matrimonial domicile, taking with her the furniture that was mortgaged to secure the Nationwide note. When Nationwide subsequently contacted Mr. Pitre, he denied any knowledge of the loan transaction. Eventually, believing he was legally liable to pay the note, Mr. Pitre agreed with his wife (not with Nationwide) to pay one-half of each payment, in order to prevent seizure of the furniture, if she would pay the other half of each payment.
Mr. Pitre thereafter made four payments of $42.00 each but he refused to sign a new note when requested to do so by Nationwide.
The trial court held that the payment of the four installments by Mr. Pitre, after he became aware of the circumstances surrounding the confection of the note, constituted ratification of his wife's unauthorized act.
It is clear from the record that Mr. Pitre did not authorize his wife to sign the note on his behalf and had no knowledge of the transaction until after it occurred. While a person will be bound by his signature being executed by another person when done in his presence and under his authority,[1] ratification must be shown when his signature is executed by another person outside of his presence and without his knowledge or authority. See Gulfco Finance Company of Livingston v. Lee, 241 So.2d 301 (La.App. 1 Cir. 1970).
For ratification of an unauthorized act, the facts must indicate a clear and absolute intent to ratify the act, and no intent will be inferred when the alleged ratification can be explained otherwise. Lacaze v. Kelsoe, 185 So. 676 (La.App. 2 Cir. 1939); Derouen's Estate v. General Motors Acceptance Corp., 245 La. 615, 159 So.2d 695 (1964); Williams v. Arkansas Louisiana Gas Company, 193 So.2d 78 (La.App. 2 Cir. 1966).
In making payments on the account, Mr. Pitre clearly did not intend to be bound on the note, and was only paying part of each payment to help his wife. While Mr. Pitre felt that he was legally bound on the note until he consulted an attorney, at no time did he desire to be bound on the note or intend to ratify the forged signature. In fact, the record is clear that Mr. Pitre repudiated, rather than ratified, the unauthorized act at every opportunity.
Plaintiff's reliance on Perdido Finance Company v. Falgout, 77 So.2d 896 (Orl. La.App.1955) is misplaced. In that case the husband gave prior authorization to his wife to sign his name on a note, and subsequently made payments, having already indicated his clear intent to be bound on the note.
For these reasons, we hold that there was no ratification in this case. Nationwide's recovery, if any, on the note must be against Mrs. Pitre, the party with whom it dealt.
However, Nationwide pleaded and introduced evidence that Mr. Pitre benefited from certain payments made to alleged creditors of the community, and prayed for recovery to the extent of these payments on a quasi-contractual basis.
For the doctrine of unjust enrichment to apply, there must not only be an enrichment of one person and the impoverishment of another, but also an absence of a legal cause for the enrichment of one at the expense of the other. See, LSA-R.C.C. arts. 1965 and 2293 et seq. Although we have held in this case that Nationwide cannot recover against Mr. Pitre on the note, there is evidence in the record that, as head and master *329 of the community, he was relieved of certain community obligations by payments made by Nationwide. To that extent Mr. Pitre was enriched without legal cause at the expense of Nationwide. We therefore hold that Nationwide is entitled to recover the sum of $174.00 paid on the Pitres' account with Western Auto Stores and the sum of $116.53 applied to pay off the Pitres' prior loan with Nationwide. The proof of payment of the other creditors was insufficient to warrant recovery.
The judgment appealed from is amended to award Nationwide Finance Company of Gretna, Inc. the sum of $290.53, together with legal interest thereon from the date of the judgment of this court until paid. All costs are assessed against the plaintiff-appellee. As amended, the judgment is affirmed.
Amended and affirmed.
NOTES
[1] Prudential Ins. Co. of America v. Johnson, 176 So. 625 (Orl.La. App.1937); Coats v. Guaranty Bank & Trust Co., 174 La. 503, 141 So. 41 (1932); Waggoner v. Grant Parish Police Jury, 203 La. 1071, 14 So.2d 855 (1942).