337 So.2d 911 (1976)
Cindy FARRAR and R. W. Farrar, Jr., Plaintiffs-Appellees,
v.
SWEDISH HEALTH SPA, Defendant-Appellant.
No. 5604.
Court of Appeal of Louisiana, Third Circuit.
September 29, 1976.
*912 Baggett, McClain & Morgan by Robert C. McCall, Lake Charles, for plaintiff-appellant.
Raggio, Farrar, Cappel & Chozen by Stephan A. Berniard, Jr., Lake Charles, for defendant-appellee.
Before HOOD, MILLER and WATSON, JJ.
WATSON, Judge.
Defendant, Swedish Health Spa, has appealed from a summary judgment awarding plaintiff, Cindy Farrar, and the intervenor, R. W. Farrar, Jr., the amount of $324.31, *913 which was paid by Farrar after Cindy signed a form taking out a spa membership and charged it on Farrar's Master Charge card.
The facts are as follows:
Plaintiff, Cindy Farrar, signed a form at the Oak Park Swedish Health Spa for a two-year membership at a price of $324.31. The printed form used is by its terms an agreement for the sale of movable property with reservation of a chattel mortgage, and states that it is "negotiable paper" and that the buyer is "of lawful age". The form is dated February 21, 1974. Across the bottom is written "Paid in Full Master Charge".
Cindy filed this petition for restitution alleging: that she was born January 29, 1957, and was seventeen years of age, an unemancipated minor, on February 21, 1974; that she did not ratify the agreement after reaching majority; that she did not have the capacity to contract on February 21, 1974, under LSA-C.C. art. 1785; and that she is entitled to annulment of the agreement and restitution of the price. An exception was filed to plaintiff's petition alleging that the payment was actually made by Cindy's father, R. W. Farrar, Jr., through a Master Charge credit card. R. W. Farrar, Jr. then intervened, alleging that he paid the $324.31 charged to his Master Charge credit card and had an interest in the suit.
The Farrars, father and daughter, moved for summary judgment and each filed a supporting affidavit. Nothing was filed by the spa in opposition although counsel for the spa objected to the Farrar affidavits. It is stipulated that the various documents, including the Master Charge slip and the purported contract are in evidence.
The affidavit of Cindy recites that she never used the facilities or services of the Swedish Health Spa subsequent to the date of the agreement and that she used her father's Master Charge credit card to pay the $324.31.
The affidavit of Farrar recites that he paid his Master Charge bill but then advised the spa that his daughter was a minor and asked that the price be refunded.
Summary judgment was rendered on the basis of affidavits by Farrar and Cindy, awarding plaintiff and intervenor $324.31.
There appears from the record no genuine issue as to material fact so the decisive question on appeal is whether the Farrars were ". . . entitled to judgment as a matter of law." LSA-C.C.P. art. 966.
The spa contends that the trial court erred in several particulars and we will consider these in resolving the question as to whether the Farrars are entitled to judgment. Appellant contends the trial court erred:
(1) in not giving the spa a continuance to enable it to produce counter affidavits;
(2) in not applying an estoppel theory to prevent the father from taking advantage of the daughter's minority to recover the amount paid;
(3) in not finding that Farrar's payment of a natural obligation ratified it and barred suit for recovery.
CONTINUANCE
As to the first assignment of error, the record does not show that a continuance was requested or denied by the trial court. It is contended that there may have been some desire to file counter-affidavits, but we find no real contention that there are factual issues. LSA-C.C.P. art. 967. Counsel for the spa concedes in brief that "[t]he factual questions are largely not disputed".
ESTOPPEL
The next issue is whether Farrar's payment of the Master Charge bill operates as an estoppel which bars this action for restitution.
There is no question that the spa could not obtain affirmative performance of this alleged contract with the minor. Aside from Cindy's minority, there are other deficiencies. Among them is the fact that the form is not executed by anyone on behalf of the spa and represents to some extent a unilateral promise to pay by the *914 minor. Simple lesion relieves a minor of every species of contract,[1] and one who deals with a minor must accept the consequences of the legal protection afforded minors in contractual relationships. Wilkinson v. Wilkinson, 323 So.2d 120 (La., 1975).
Wilkinson, supra, analyzes the doctrine of equitable estoppel. Estoppels are not favored in Louisiana. To rely on estoppel, the spa would have to show that it had changed its position to its detriment in reliance on Farrar's action. There is no indication here of either justifiable reliance or a change in position, and the spa cannot avail itself of the doctrine of equitable estoppel.
PAYMENT
The next issue presented is whether Farrar's payment of the Master Charge bill ratified the contract and prevents recovery of the amount paid, alleged to be in satisfaction of a natural obligation.
A minor can validly contract for necessaries for his support or education and can accept a contract of mandate under certain circumstances; other contracts of a minor may be ratified. LSA-C.C. art. 1785. Here, we are not dealing with necessities, and the record does not indicate whether a mandate theory is applicable. There is no evidence that Cindy was authorized to use her father's credit card and no indication of the way in which she obtained it. There was no ratification by Cindy after majority. LSA-C.C. art. 1875.
As to the father's payment, a natural obligation is defined in LSA-C.C. art. 1757(2):
"A natural obligation is one which can not be enforced by action, but which is binding on the party who makes it, in conscience and according to natural justice."
LSA-C.C. art. 1759 provides:
"No suit will lie to recover what has been paid, or given in compliance with a natural obligation. * * *"
The problem with finding a natural obligation on the part of the father here is that no advantage accrured to the minor, because no use was made of the spa facilities. Had the father intended a ratification of the agreement by his payment, Cindy would presumably have availed herself of the benefits purchased.
The payment was not made directly but to a credit card company. Credit cards such as Master Charge are to some extent a new element in our society; the issuing bank is a third party interposed between the merchant and the purchaser. The bank charges a fee to the merchants honoring the card and collects interest on unpaid balances from the customers, furnishing a service to both parties and acting to some extent as a collection agency for the merchants.
The Louisiana rule as to ratification of contracts is as follows:

"No intention to ratify will be inferred when the act can be otherwise explained . . . And in case of doubt the party against whom ratification or voluntary execution is claimed must have the benefit of the doubt." Derouen's Estate v. General Motors Acceptance Corp., 245 La. 615, 159 So.2d 695 at 698 (1964).
Farrar's payment of his Master Charge bill is an act that does not necessarily imply an intent to ratify Cindy's agreement. It can be otherwise explained.
To refuse to pay the credit card bill may well have resulted in interest charges, damage to his credit rating or cancellation of the card. Few substantial citizens desire to *915 jeopardize their credit standing in such a manner. We find no ratification by Farrar.
The trial court correctly concluded that Farrar is entitled to restitution of the sum paid. The spa has an obligation to repay it under LSA-C.C. art. 2301:
"He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it."
However, since it was Farrar and not Cindy who paid, we find that the judgment incorrectly gave judgment to both. Therefore, the judgment will be amended to omit the name of Cindy Farrar as a party entitled to judgment.
Costs are taxed against the Swedish Health Spa.
AMENDED AND AFFIRMED.
NOTES
[1] LSA-C.C. arts. 1860 and 1864:

"Art. 1860. Lesion is the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy given for this injury, is founded on its being the effect of implied error or imposition; for, in every commutative contract, equivalents are supposed to be given and received."
"Art. 1864. Minors, not emancipated, are relievable against simple lesion in every species of contract. That is called Simple lesion, in which the amount to be suffered by it, is not designated by law, as it is in the cases above mentioned of partition and sale between persons of full age."