GULOTTA, Judge.
Plaintiff appeals from the dismissal of its deficiency judgment suit against a husband where wife, alone, executed a promissory note secured by a chattel mortgage in favor of plaintiff bank, for a sum of money with which she purchased supplies and furnishings used in connection with a business operated by her. Judgment was rendered only against the wife.
While acknowledging that the defendant-husband did not sign the promissory note and chattel mortgage, plaintiff complains that the trial judge erred in not concluding the note represented a community obligation. According to plaintiff, community obligations were paid with funds from the business operated by the wife. Under the circumstances, plaintiff claims the husband ratified his wife’s action. Finally, plaintiff argues the trial judge erroneously reduced interest in the judgment against the wife to legal interest from date of judicial demand instead of 8% interest as provided for in the notes and mortgages.
Darleen J. Clement executed a note in the sum of $4,730.40, dated September 12, 1973. The note was payable in monthly installments of $131.40 and bore interest at the rate of 8% per annum from maturity until paid. Mrs. Clement made the loan in connection with her beauty shop business and secured the note with a chattel mortgage on the shop fixtures: shampoo bowls, chairs, manicure table and stool, floor mats and dryers. On January 10, 1974, Mrs. Clement executed a second note in the sum of $912.36, payable in monthly installments of $25.33, bearing interest of 8% per annum from maturity. Upon default in payment, plaintiff brought executory process for nonpayment of both loans. Following a sale of the mortgaged property, this suit for deficiency judgment was filed against the wife and later amended to include the husband.
In dismissing the suit as to Mr. Clement, the trial judge stated:
“As to Mr. Clement another result must flow. Mr. Clement does not have his name to [sic] the note and his testimony is positive that he did not go along with the whole idea. * * * ”
In Nationwide Finance Co. of Gretna, Inc. v. Pitre, 243 So.2d 326, 328 (La.App. 4th Cir. 1971), we stated:
“It is clear from the record that Mr. Pitre did not authorize his wife to sign the note on his behalf and had no knowl *1201 edge of the transaction until after ‘it occurred. While a person will be bound by his signature being executed by another person when done in his presence and under his authority, ratification must be shown when his signature is executed by another person outside of his presence and without his knowledge or authority. * * * [footnote deleted]
“For ratification of an unauthorized act, the facts must indicate a clear and absolute intent to ratify the act, and no intent will be inferred when the alleged ratification can be explained otherwise. * * * »
Applying this doctrine to the facts of our case, we conclude that the trial judge correctly held that the defendant-husband did not ratify his wife’s act.
The husband testified he had objected to his wife’s opening the shop and borrowing money to finance the venture. He further stated the community had derived no benefit from the business, and no revenues from it had been used for home improvements, education, entertainment, clothing expense or other community debts. His testimony was corroborated by the wife who stated that the husband was opposed to her opening the business and that he had no intention of signing the note. She further testified her husband was not aware that she had signed the note until after she had made the loan. She also stated that the money borrowed had been used to purchase supplies for the business and that the venture was not a profitable one.[1]
Though certain checks drawn on the shop account were used to pay community debts, Mrs. Clement stated that funds from her personal or the community account had reimbursed the business account.[2]
The testimony and exhibits considered, we conclude, as did the trial judge, that no showing has been made that Mr. Clement expressly ratified his wife’s business loan or that the community benefited so substantially from business funds that Mr. Clement’s ratification should be implied.
The judgment against the wife provides for “interest from date of judicial demand . . . .” In his use of the term “interest”, the trial judge does not specify whether he means legal interest or interest at the rate provided for in the notes. The notes provide for 8% interest “from maturity until paid”. Plaintiff is entitled to the stipulated interest from date of maturity which, in this case, is from date of judicial demand. See First National Bank of Jefferson Parish v. Kindermann, 280 So.2d 888 (La.App. 4th Cir. 1973), writ denied, 282 So.2d 720 (La.1973); Preferred Investment Corporation v. Denson, 251 So.2d 455 (La. App. 1st Cir. 1971).
Accordingly, the judgment of the trial court is amended to provide for interest at the rate of 8% per annum from the date of judicial demand until paid. As amended, the judgment is affirmed.

AMENDED AND AFFIRMED.

. In 1973, the business loss amounted to $1,660.39. In 1974, the loss totalled $7,311.00.

. These checks drawn on the business account included payments for a house note, purchases from a department store, and the home utility and water bills. One expenditure in the amount of $8.00 covering family dues in a social club apparently was not reimbursed.